# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Docket No.:____

| | |
|---|---|
| Dan Howard, Pro-Se<br><br>Plaintiff<br><br>v.<br><br>HD Vest Financial Services,<br>Stuart K. Juckett,<br>National Association of Securities Dealers,<br><br>Defendants | 04-11900 NG<br><br>**COMPLAINT<br>AND JURY DEMAND** |

MAGISTRATE JUDGE RBC

RECEIPT # 58333
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 8/31/04

I

## INTRODUCTION

1. This is a civil action for Breach of Contract, Securities Fraud, and Stalking brought by the Plaintiff, Dan Howard, ("Howard"), a licensed securities professional since 1983. Plaintiff's CRD number is "1112346." Plaintiff files this complaint against HD Vest Financial Services ("HDVFS") for violating M.G.L. c. 110A, the Massachusetts Uniform Securities Act (the "Act") and 950 CMR 10.00 et seq. ("Regulations"). Plaintiff files this complaint against Stuart K. Juckett ("Juckett") for violations of the U.S. Civil Rights Act and the Massachusetts Civil Rights statutes G.L. c265 Sec 37, G.L. c.265, Sec 43, Massachusetts G.L. c.12, SEC.111, and Massachusetts G.L. c.275, Sec.2. Plaintiff files this complaint against the National Association of Securities Dealers ("NASD") for violating M.G.L. c. 110A, the Massachusetts Uniform Securities Act (the "Act") and 950 CMR 10.00 et seq ("Regulations"). Plaintiff files this complaint against the NASD for allowing Juckett, a stalker known to the NASD, to track plaintiff to his various employers by using the NASD website.

-11-

## JURISDICTION AND VENUE

2. The plaintiff is a resident of Massachusetts. A majority of the unlawful and fraudulent acts of defendants alleged in this complaint took place in Massachusetts. With regards to Diversity, the defendants are located outside the state of Massachusetts.
3. The plaintiff hereby invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. ss 1367 and the Supplemental (pendent) jurisdiction of this court to hear and decide his claims arising under state law.
4. The plaintiff specifically reserves the right to amend this complaint and/or add additional defendants.

-III-

## PARTIES

5. The Plaintiff, Dan Howard, resides in Somerville, County of Middlesex, and Commonwealth of Massachusetts and is a citizen of the United States. HDVFS is located in Irving, Texas and is a broker-dealer registered in the State of Massachusetts. Their address is 6333 North State Highway 161, Fourth Floor, Irving, Texas 75038. The phone number is 1-866-218-8206. They have a direct dial number at 972-870-6000. HDVFS is a non-bank subsidiary of Wells Fargo & Company. Juckett is a resident of New York. His address is 15 Alexis Court, Amagansett, New York 11930. His previously resided in Virginia before selling his residence and moving to New York. The National Association of Securities Dealers ("NASD") is a self-regulatory organization located in Washington, D.C. Their address is 1735 K Street, Washington, D.C. Their phone number is 202-728-8294.

-IV-

## THE MATERIAL TIME PERIOD

6. Except as as otherwise expressly stated, the conduct described in this complaint occurred during the period June 2004 to the present ("the time period").

-V-

## OVERVIEW

7. Financial Services firms, such as HDVFS, hire registered representatives to service clients. These firms generate significant fees from the licensed applicants who apply to them for employment. They collect a fee of several hundred dollars from each applicant. Firms such as HDVFS compete aggressively to recruit professionals with securities licenses. Plaintiff Dan Howard is a licensed securities professional. The recruiters, or "New Business Consultants", who work at these firms earn significant fees

2

to recruit licensed securities professionals and meet monthly and yearly hiring quotas. The Compliance Department directly supervises the recruiters. The Compliance Officer is in charge of the Compliance Department. Securities related hires receive what is known as a registered representative number (RR#). Defendant issued Plaintiff RR#26528. The Central Registration Depository (CRD) is a database maintained by the NASD. It contains comprehensive information on licensed securities professionals. This information includes the name and address of employers and all licenses held by the securities professional. The NASD maintains a website which allows access to this database by the general public. Potential employers check the CRD files of applicants before issuing assigning registered rep numbers. A U-4 is a uniform registration form. A U-5 is a uniform termination form.

-VI-
## COUNTS OF THE COMPLAINT

### Count One (1)

### (Breach of Contract)

8. Plaintiff issued check #1983 in the amount of $344 to defendant HDVFS. The check was dated 6/30/04. The check was clearly marked in two places with the notation "transfer license".
9. The check was sent via Federal Express to defendant HDVFS.
10. The check was cashed by HDVFS July 8, 2004 at Wells Fargo Bank.
11. Plaintiff sent the check directly to Ms. Shae Maden ("Maden") of HDVFS, the New Business Consultant and licensing transfer coordinator of HDVFS. Maden is directly supervised by Mr. David L. Sutton ("Sutton"), New Business Consultant. Maden and Sutton informed, promised, and guaranteed to Plaintiff that this payment "finalized the hiring and license transfer process" of Plaintiff.
12. Wright, Maden, and Sutton conducted a full background check before hiring plaintiff.
13. Daniel Wright ("Wright") is the Compliance Officer of HDVFS and authorized the sale of the registered representative number "26528" to Plaintiff.
14. Shortly after cashing the check, HDVFS issued to plaintiff a registered representative number, "26528." Maden informed Plaintiff that the license transfer process was now complete and that the plaintiff was now able to place client orders through HDVFS. Maden informed Plaintiff that he was now a registered representative with HDVFS.
15. Based upon information and belief, Wright, Maden, and Sutton were running a scam whereby Registered rep numbers were sold to applicants. The "application fee" would then be deposited and forfeited upon some fraudulent pretense that the applicant was suddenly not qualified.
16. Defendants sold registered representative number "26528" for $344.

17. On July 12, 2004, Maden, desperate to hire Plaintiff Howard, sent an e-mail to Plaintiff stating that "I can fill in the blanks" on a form that was previously signed and mailed to her.
18. Maden, anxious to complete the transfer process, filled in the blanks on a previously signed document without plaintiff's knowledge or consent.
19. On June 14, 2004, Maden e-mailed Plaintiff that, regarding his record, "the work history is great."
20. On August 20th, Sutton informed Plaintiff, in a phone call, that his employment and registration with HDVFS was terminated.
21. Sutton referred to Juckett during the phone call to Plaintiff.
22. Sutton has refused to complete and return a "U-5" to plaintiff.

## COUNT TWO (2)

### (Securities Fraud)

23. The Plaintiff, Dan Howard, does herewith reiterate and restate the statements and allegations set forth in paragraphs one (1) through (22) of this Complaint, and do hereby incorporate said paragraphs by reference, as if same were specifically, separately, and fully set forth herein.
24. Wright, Maden, and Sutton sold plaintiff a registered representative number for the sum of $344.
25. Wright, Maden, and Sutton cashed the check, transferred plaintiff's license, and issued rep #26528 after checking plaintiff's CRD record #112346.
26. Wright, Maden, and Sutton filled in blank signed forms and confirmed this fact in e-mail to Plaintiff.
27. Based upon information and belief, HDVFS sold registered representative numbers to applicants for fees in the several hundred dollars. In return for the fees, Sutton and Maden issued these numbers to generate profits for HDVFS and the parent corporation Wells Fargo Bank of San Francisco, California. Also, to enhance their own compensation and meet hiring quotas.
28. This is clear from Maden's and Sutton's phone calls left on Plaintiff's answering machine. These phone calls have been preserved and are being transcribed for presentation at trial.
29. Maden, in an e-mail, dated July 12, 2004 claimed she was authorized "to fill in the blanks" on a previously submitted signed form.

## DEFENDANT JUCKETT'S CONDUCT
## COUNT THREE (3)

### (Stalking)

30. The Plaintiff, Dan Howard, does herewith reiterate and restate the statements and allegations set forth in paragraphs one (1) through (29) of this Complaint, and do hereby incorporate said paragraphs by reference, as if same were specifically, separately and fully set forth herein.

31. Defendant Juckett has utilized the NASD website for many years to stalk Plaintiff and his employers.
32. Juckett is not, and was never, a client of Plaintiff. At the time, plaintiff worked in the Boston, Massachusetts's office of H. J. Meyers as a registered representative. Juckett claims he is the "stepson" of one John Meeker, a former client of Plaintiff's from the broker-dealer H.J. Meyers. On or about December 1996, Juckett received $45,000 from brokerage firm H.J. Meyers in a settlement.
33. Plaintiff never authorized or approved said settlement. As a result of such unauthorized settlements, the Massachusetts Securities Division shut down H.J. Meyers in June 1997.
34. The Boston Police, according to NASD document "001496", received a complaint regarding juckett in 1/24/98. See attached
35. NASD document "002321" is a letter dated February 28, 1997 warning Juckett against his "malicious interference with contract". It is from plaintiff's attorney Gary Schultz. See attached
36. Attached is a September 14, 2002 letter from Robert Angle documenting Juckett's calls and threats and interference with contract. See attached
37. Mr. Angle informed me that Mr. Steve Cohen ("Cohen") of the Boston NASD was aware of Juckett's stalking of Plaintiff.
38. The present address and phone number of Mr. Angle is First Discount Brokerage, 345 California Street, Suite 2650, San Francisco, California 94104. His number is 415-293-6000.
39. The "settlement" to Juckett was approved by former NASD employee James Nestor (Nestor). Nestor was the former compliance officer of the Boston office of H.J. Meyers.
40. Nestor was terminated by the NASD Boston office after they learned he approved the illegal $45,000
41. The Boston office of the NASD hired Nestor on 3/31/97 and fired him 4 days later.
42. Based upon information and belief, Nestor was fired for approving the $45,000 settlement to Juckett.
43. Juckett's stalking activities and bank activity was well known to the NASD and Nestor.
44. NASD hired Nestor never the less but then fired him 4 days later.
45. This unauthorized "settlement" of $45,000, to this Day of August 24, 2004, appears on Plaintiff's CRD report.
46. Recently released NASD documents on Juckett reveal the bizarre stalking and harassment activity of Juckett against plaintiff.
47. NASD document "001496" details when Juckett first came to attention of Boston Police for his stalking activities. It is dated 1/24/98.
48. NASD document "002321" is a letter from Plaintiff's attorney to Juckett requesting that he cease "malicious interference with contract." The letter is dated February 28, 1997.
49. Plaintiff Howard received a letter from employer Acument Securities in September 2002 complaining of Juckett's threats and phone calls. See attached.

5

50. The letter was from one Robert Angle (Angle), First Discount Brokerage, 345 California Street, Suite 2650, San Francisco, California 94104. His phone number is 415-293-6000.
51. Angle fraudulently altered my "U-4" in response to Juckett's threats.
52. Based upon information and belief, Juckett, on or about August 2004 contacted HDVFS regarding his bizarre and twisted vendetta against Plaintiff Howard.

## DEFENDANT NASD'S CONDUCT

53. The Plaintiff, Dan Howard, does herewith reiterate and restate the statements and allegations set forth in paragraphs one (1) through (52) of this complaint, and do hereby incorporate said paragraphs by reference, as if same were specifically, separately and fully set forth herein.
54. The NASD, according to their own CRD file on Plaintiff Howard, fraudently allowed Howard to work at both Brookstone Securities and Acument Securities while allegedly "suspended for 2 years and fined $25,000".
55. Plaintiff's CRD file # is 1112346.
56. The NASD, according to a letter dated September 14, 2002, from Acument Securities, fraudulently altered, under color of authority, my U-4 record in response to Juckett's phone calls. A copy of the letter is attached with this complaint.
57. The NASD provided to Plaintiff the exhibits and evidence regarding Jucketts's stalking activities.
58. The NASD in fact encouraged Juckett to stalk Howard as evidence by the attached letter form Robert Angle of Acument Securities dated September 14,2002.
59. Based upon information and belief, Juckett and the NASD contacted HDVFS on or about August 2004.
60. Despite possessing and numbering the exhibits, the NASD did absolutely nothing to prevent the stalking of plaintiff and his employers through the NASD website.
61. The NASD altered plaintiff's U-4 to delete a racial slur used by NASD Boston, under color of authority, to denigrate plaintiff's Hispanic ethnic background.
62. NASD possessed documents regarding Juckett and took no preventative action.
63. The NASD failed to prepare a decision within the required 60-day deadline required by NASD regulations. Therefore, the NASD has stipulated to the fact that any sanctions on Plaintiff's CRD are Null and Void by allowing Howard to work as a registered representative.
64. The NASD allowed Plaintiff to work at both Brookstreet Securities and Acument Securities during the alleged "2 year suspension and $25,000 fine."
65. The NASD therefore stipulates, via "Laches", to the fact that the entire "enforcement action" was, in fact, a sham.
66. The sham enforcement action was in retaliation for Plaintiff's cooperation with the Massachusetts Securities Division.
67. The sanctions and findings on Plaintiff's CRD are therefore null and void with no force or effect.

6

68. The NASD has continued, through August 2004, to allow Juckett to stalk Plaintiff and his employers through the NASD website and has failed to block Juckett's access to said website.
69. The Plaintiff, Dan Howard, does herewith reiterate and restate the statements and allegations set forth in paragraphs one (1) through (68) of this Complaint, and do hereby incorporate said paragraphs by reference, as if same were specifically, separately and fully set forth herein.
70. The plaintiff, Dan Howard, invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. ss 1367 and the pendent jurisdiction of this Honorable Court to hear and decide his claims arising under state law.
71. By the above illegal and fraudulent conduct, the defendants deprived Plaintiff Dan Howard of income of at least $500,0000, and his ability to get hired in his chosen profession as a registered and licensed securities professional.

WHEREFORE, the plaintiff requests that this honorable court advance this case on the docket for a speedy trial and upon such trial to:
1. Order the defendant HDVFS to enforce their contract with Plaintiff and allow Plaintiff to place securities orders for his clients.
2. Order the defendant HDVFS to refund all monies paid for Plaintiff's license transfer fees plus Federal Express charges and court costs.
3. Order the defendant HDVFS to pay punitive damages of $1,500,000 million to Plaintiff.
4. Order the revocation of HDVFS's Massachusetts securities license.
5. Order defendant Juckett to pay $5,000,000 punitive damages to Plaintiff for stalking and interference with contract.
6. Order defendant Juckett to cease all contact with Plaintiff Howard and his present and future employers. This is to include Plaintiff's personal and professional websites and e-mail addresses, and the service providers of said websites and e-mail addresses.
7. Order defendant Juckett not to access the NASD website
8. Order defendant NASD to block Juckett from accessing its website.
9. Order the NASD website shut forthwith until safeguards are in place to protect individuals and their families from stalkers such as Juckett.
10. Order the NASD to pay Plaintiff $10,000,000 dollars in punitive damages.
11. Order the NASD to include all Plaintiffs' exhibits regarding Juckett in Plaintiff's CRD file 1112346.
12. Order the NASD to keep Plaintiff's Securities Licenses valid and in effect until these matters are settled by the Federal Court.
13. Order the defendants to pay prejudgment interest; and
14. Order the defendants to pay the plaintiffs costs for filing this action.
15. Order such further relief to make the plaintiff whole, as the Court deems just.

Respectfully Submitted,

Dan Howard, Pro-se

7

                                                  Plaintiff

                                                PO Box 440250
                                                Somerville, Massachusetts 02144
                                                617-529-8886

Dated 8/31/04

```
05/20/1999  11:45   6176219774                    DAN HOWARD                              PAGE  07
```

# GARY SCHULTZ
### ATTORNEY AT LAW
305 BROADWAY · SUITE 602
NEW YORK, N.Y. 10007
(212) 267-6655
FAX (212) 732-2191

OF COUNSEL
DAVID A. GOLDSTEIN

2 NEW HEMPSTEAD RD
NEW CITY N.Y. 10931
(914) 638-9232

NASDR 002321

February 28, 1997

Stuart K. Juckett
9494 Oak Falls Court
Great Falls, Virginia 22066

Re: Howard v. Juckett

Dear Mr. Juckett:

Please be advised that I am the attorney for Daniel Howard.

Your settlement agreement is with H.J. Meyers & Co, Inc. not with Daniel Howard. Mr. Howard is not a signatory to that agreement nor did Mr. Howard consent to the terms of the agreement.

Notwithstanding that Mr. Howard is not a party to the settlement agreement, the agreement does prohibit Mr. Howard from pursuing his common law civil remedies for the tort of slander.

Your letters to Mr. Howard's employer is malicious and intended to cause him further injury.

Mr. Howard is pursuing his own civil remedies and does not need the permission of his employer to do so. If you continue with your malicious course of conduct, I will recommend to Mr. Howard that he amend his complaint to include a cause of action for malicious interference with contract.

In addition, I have reviewed the documentation in this case and it appears that you have accused Mr. Howard of theft of your father's monies. If that allegation is untrue, it constitutes the tort of slander per se and Mr. Howard would be entitled to compensatory relief for your tortious acts. The merits of Mr. Howard's allegations will be tried in Court not in malicious letter writing campaign to Mr. Howard's employer.

Very truly yours,

GARY SCHULTZ

GS/ca

cc: Daniel Howard

```
MAY-20-99  09:51      6176219774                           P.05    R-983   Job-105
05/20/1999  10:17     6176219774           DAN HOWARD
```

# Boston Police
## INCIDENT REPORT

NASDR 001496

| 01 | | 02. COMPLAINT NO. | 03. REPORT DIST. | CLEARANCE DIST | PAGE | OF |
|---|---|---|---|---|---|---|
| KEY SITUATIONS: ☐ DRUGS ☐ LICENSED PREMISES ☐ ELDERLY ☐ JUVENILE ☐ COMMUNITY DISORDERS ☐ DOMESTIC ☐ OTHER | | PD 980038658 | G1110 | | 1 | 1 |

| 04. TYPE OF INCIDENT | 05. CRIME CODE | 06. STATUS ☐ INACTIVE ☐ UNFOUNDED ☐ ARREST ☐ UNDER 18 ☐ EXCEPT CL. ☐ UNDER 19 | 07. DATE OF OCCUR A 1/16/98 B 1/23/98 |
|---|---|---|---|
| INJ PERSONS | | | |

| 08. LOCATION OF INCIDENT | APT | 09. DISPATCH TIME | 10. TIME OF OCCUR |
|---|---|---|---|
| 3 International Pl, Bo | | 23:58 / 3:30 | 10:30 |

| 11. VICTIM-COMP. (LAST, FIRST, MI) | | 12. PHONE | 13. SEX | 14. RACE | 15. MARITAL STATUS |
|---|---|---|---|---|---|
| Howard, Dan | 02141 | 621-9774 | | | |

| 16. ADDRESS | APT | OCCUPATION | 17. AGE | 18. DOB |
|---|---|---|---|---|
| 4 Canal Pk Cambridge MA | 205 | Broker | | |

Person interviewed: Matthew Nestor, 45, Chief of Enforcement, 1 Ashburton Pl, Amrd — 9-27, 35-48

Kevin Sullivan — Investigator

Suspect: Juckett, Stuart
9494 Oak Falls Ct, Great Falls VA 22066
Tel# 703-759-7058

Vehicle: N/A
Property: N/A

| 65. TYPE OF WEAPON/TOOL | 66. NEIGHBORHOOD | 67. TYPE OF BUILDING | 68. PLACE OF ENTRY |
|---|---|---|---|
| Phone | Comm | Office | Phone |

| 69. WEATHER | 70. LIGHTING | 71. TRANSPORTATION OF SUSPECT | 72. VICTIM'S ACTIVITY |
|---|---|---|---|
| Rain | Art | unk | Working |

CIR STS:

Perpetrator in #27 is harassing the people listed in #22, by saying if they don't Revoke Mr Howards Lic, they are going to be sued.
CIR STS: There is no reason for the perpetrator to harass him. CIR STS: He is nervous and wants this matter dealt with ASAP.

| 77. UNIT ASSIGNED | 78. TOUR OF DUTY | 79. REPORTING OFFICER'S SIGNATURE | 80. REPORTING OFFICER'S ID | 81. PARTNER'S ID |
|---|---|---|---|---|
| ND98 | Last Half | | 1508 | |

82. DATE OF REPORT: 1/24/98



**ACUMENT**ˢᴹ
**HOLDING**
**COMPANY, INC.**

September 14, 2002

Mr. Daniel Howard
101 Federal Street, suite 1900
Boston, MA  02110

Dear Mr. Howard,

Stuart Juckett has been contacting us for several weeks in regards to a statement you made in your NASD U4 filing. Without any knowledge of the relationship that you have with Mr. Juckett, we have had to address his inquires and demands and, eventually, the telephone calls from the NASD in Boston. This has involved my time and our attorney, Michael Bolgatz.

We have received instructions from the NASD in Boston to amend your U4 by altering or removing this statement.

I am asking you to address this issue with Mr. Juckett directly and not use this firm or the NASD's filing for other purposes. You had been an independent contractor with Acument Securities, Inc. (until the August 21, 2002) and matters such as these are to be addressed by you.  Any legal cost that we incur because of this will be forwarded to you for payment.

Please notify Mr. Bolgatz what caused your statement about Mr. Howard and what steps you are taking to close this matter.

Michael Mehr has told me that you have requested information about obtaining a Series 24 license. You should confirm your licensing status with Michael Fisher at 1ˢᵗ Discount Brokerage, Inc. 1ˢᵗ Discount Brokerage has a strict guideline for minimum production requirement of its brokers and they are aware that you had little or no production during the period that you were licensed with Acument Securities.  It is possible that your license may not be active at 1ˢᵗ Discount Brokerage.

Sincerely,

Robert Angle
President

Cc: Michael Fisher
     Michael Bolgatz
     Michael Mehr

301 Mission Street, 5th Floor
San Francisco, CA 94105
P: 415.597.6800
800.669.4483
F: 415.543.5063

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   HOWARD v. HD VEST FINANCIAL SERVICES

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES      (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES      (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES      (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES      NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES      (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   DAN HOWARD
ADDRESS   PO BOX 440250, SOMERVILLE, MA. 02144
TELEPHONE NO.   617-529-8886

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAN HOWARD, PRO-SE

### DEFENDANTS
1. HD VEST FINANCIAL SERVICES
2. STUART K. JUCKETT
3. NASD

(b) County of Residence of First Listed Plaintiff: MASSACHUSETTS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: TEXAS
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) PRO-SE
617-529-8886
DAN HOWARD
PO BOX 440250
SOMERVILLE, MA 02144

Attorneys (If Known)

04-11900-NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | Habeas Corpus: ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 16,500,900
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/31/04
SIGNATURE OF ATTORNEY OF RECORD: Dan Howard

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____