UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWARD, Pro-Se<br><br>      Plaintiff,<br><br>v.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br><br>      Defendant. | CIVIL ACTION<br>NO. 04-11900-NG<br><br>Hon. Nancy Gertner |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HD VEST FINANCIAL SERVICES'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES .........................................................................................................ii

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ............................................................................................................................2

ARGUMENT ..................................................................................................................................3

    I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS ................................................................................................................3

        1.   Plaintiff's Claim for $344 and Associated Expenses Does Not Satisfy the Jurisdictional Minimum ......................................................................................................4

        2.   Plaintiff's Wholly Unsupported Claim for Punitive Damages Cannot Support the Exercise of Subject Matter Jurisdiction ...........................................................5

        3.   Plaintiff's Demand That HD VEST Be Forced to Allow Plaintiff to Place Securities Orders With HD VEST Cannot Support the Exercise of Subject Matter Jurisdiction .....6

        4.   Plaintiff's Demand for An Order Revoking HD VEST's Massachusetts Securities License Cannot Support the Court's Exercise of Jurisdiction ....................................7

    II.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT ............ 8

    III. PLAINTIFF FAILS TO STATE A CLAIM FOR SECURITIES FRAUD ................... 9

CONCLUSION ............................................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Campagna v. Massachusetts Department of Environmental Protection*,
    206 F. Supp. 2d 120 (D. Mass. 2002) ............................................................... 3, 5, 7

*Computer Systems Engineering, Inc. v. Qantel Corp.*,
    571 F. Supp. 1365 (D. Mass. 1983) ......................................................................... 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................ 8

*D'Amato v. Rhode Island Hospital Trust National Bank*, 958 F.2d 361,
    1992 WL 55840 (1st Cir. Mar. 25, 1992) ............................................................... 5

*Hairston v. Home Loan & Investment Bank*, 814 F. Supp. 180 (D. Mass. 1993) ........... 7

*Howard v. SEC*, 77 Fed. Appx. 2, 2003 WL 22162370 (1st Cir. 2003) ........................... 1

*Lunquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8 (1st Cir. 1991) ..................... 3, 4

*Palumbo v. Roberti*, 834 F. Supp. 46 (D. Mass. 1993) ................................................... 4

*Rockwell v. Cape Cod Hospital*, 26 F.3d 254 (1st Cir. 1994) ......................................... 8

*Slavin v. Morgan Stanley & Co.*, 791 F. Supp. 327 (D. Mass. 1992) ........................... 10

*St. Paul Mercury Indemnity Co.*, 303 U.S. 283 (1938) .................................................... 3

*Stewart v. Tupperware Corp.*, 356 F.3d 335 (1st Cir. 2004) ........................................... 3

*Viqueira v. First Bank*, 140 F.3d 12 (1st Cir. 1998) ...................................................... 3

*Young v. Lepone*, 305 F.3d 1 (1st Cir. 2002) ................................................................. 8

## STATE CASES

*DeRose v. Putnam Management Co.*,
    496 N.E.2d 428 (Mass. 1986) ................................................................................. 5

*Glass v. Anderson*, 596 S.W.2d 507 (Tex. 1980) ........................................................... 8

*Marram v. Kobrick Offshore Fund, Ltd.*,
   2004 Mass. LEXIS 557 (Mass. June 10, 2004) .................................................. 5, 10

*Morris v. Watsco*, 433 N.E.2d 886 (Mass. 1982) ....................................................... 8

*Realty Developing Co., Inc., v. Wakefield Ready-Mixed Concrete Co.*,
   100 N.E.2d 28 (Mass. 1951) ................................................................................... 8

*S. J. Bifano v. Econo Builders, Inc.*,
   401 S.W.2d 670 (Tex. Civ. App. 1966) .................................................................. 9

*Wright v. Christian & Smith*, 950 S.W.2d 411 (Tex. 1997) ...................................... 8

### ADMINISTRATIVE PROCEEDINGS

*In re: Application of Daniel Richard Howard*,
   2002 WL 31769627 (SEC Release No. 46707) ...................................................... 1

### DOCKETED CASES

*Howard v. Juckett et. al.*, No. 1:03-CV-11758 .......................................................... 1

### STATUTES

28 U.S.C. § 1332(a) (2003) ......................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 8

Mass. Gen. Laws ch. 110A, §§ 201, 204 .................................................................... 7

Mass. Gen. Laws ch. 110A, § 410 .............................................................................. 9

Defendant HD VEST Financial Services ("HD VEST") submits this Memorandum of Points and Authorities in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss for lack of subject matter jurisdiction and failure to state a claim.

### PRELIMINARY STATEMENT

The instant action stems from the Plaintiff's disappointment with failing to secure an appointment as a registered representative with HD VEST and amounts to nothing more than a misplaced claim for his $344 application fee. Plaintiff's disappointment, while perhaps even heartfelt, entirely fails to set forth a claim as HD VEST's decision not to appoint Plaintiff stems not from any nefarious plot by HD VEST, but from the exercise of legitimate rights HD VEST had under the clear terms of the contract on which Plaintiff bases his suit. Refusing to appoint Plaintiff was an all-the-more legitimate decision based on Plaintiff's disciplinary history, and the severe sanctions imposed upon Plaintiff by the National Association of Securities Dealers ("NASD").[1] As such, the Complaint both fails to establish a legitimate basis for the exercise of this Court's subject matter jurisdiction, and presents claims that, in any event, are wholly specious and should be dismissed on their merits.

---

[1] In his complaint, Plaintiff refers to a two-year suspension and $25,000 fine imposed upon Plaintiff. (Compl. ¶ 54). The NASD had disciplined Plaintiff for making unsuitable recommendations to an elderly client (co-defendant Stuart Juckett's stepfather), and Plaintiff appealed this finding to the SEC, which issued an opinion upholding the NASD's decision on Oct. 23, 2002. *See In re: Application of Daniel Richard Howard*, 2002 WL 31769627 (SEC Release No. 46707). Undaunted by the SEC's decision, Plaintiff appealed to the First Circuit, where the SEC's decision was upheld on September 19, 2003. *See Howard v. SEC*, 77 Fed. Appx. 2, 2003 WL 22162370 (1st Cir. 2003). On September 12, 2003, Plaintiff filed suit against Stuart Juckett, NASD and the SEC in this court, alleging stalking claims, hate crimes, racketeering and violations of the U.S. Civil Rights Act. *See Howard v. Juckett et. al.*, No. 1:03-CV-11758 (D. Mass) (docket). On June 18, 2004, this case was terminated for lack of service. *See id.*

BACKGROUND

Defendant HD VEST is a broker-dealer registered with the Securities and Exchange Commission that contracts with registered representatives licensed by the NASD to act as associated persons of the firm. (Compl. ¶ 7.)[2] Plaintiff Dan Howard was an unsuccessful applicant for a position with HD VEST.

Plaintiff alleges that on or around June 30, 2004, he sent a $344 check to HD VEST to apply for a position with the firm. (Compl. ¶ 8.) Plaintiff claims that on July 8, 2004, HD VEST cashed his check and shortly thereafter issued him a registered representative number. (Id. ¶¶ 10, 14.). Plaintiff asserts that he was informed that effective with these actions he was a registered representative associated with HD VEST. (Id. ¶¶ 11, 14.) On August 14, 2004, HD VEST sent a letter to Plaintiff terminating his relationship with HD VEST (Pringle Decl. ¶ 7.) which, as Plaintiff acknowledges, was confirmed by a telephone call on August 20, 2004 between an employee of HD VEST and Plaintiff. (Compl. ¶ 20.) On August 29, 2004, HD VEST sent a check in the amount of $344 to Plaintiff as a complete refund of the fee that he had paid to HD VEST. (Pringle Decl. ¶ 8.)

On August 31, 2004, Plaintiff filed this action, making two claims against HD VEST: breach of contract and securities fraud.

---

[2] In his complaint, Plaintiff begins numbering paragraphs from "1" again after ending with paragraph 71 on page 7. We use an asterisk (*) to denote the second set of numbered paragraphs.

2

ARGUMENT

As demonstrated below, Plaintiff has failed to state a claim against HD VEST because the action: (1) is not cognizable in federal court, (2) fails to state a cognizable claim for breach of contract, and (3) fails to state a cognizable claims for securities fraud under Massachusetts law. Accordingly, the instant action should be dismissed.

## I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed" and the Plaintiff bears the burden of demonstrating the existence of federal jurisdiction. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). While a plaintiff's well pleaded allegations are deemed true, the court will not "credit conclusory assertions, subjective characterizations, or outright vituperation." *Campagna v. Massachusetts Dep't of Envtl. Prot.*, 206 F. Supp. 2d 120, 121 (D. Mass. 2002) (internal quotations omitted).

Plaintiff seeks to invoke this Court's jurisdiction based on the diversity of citizenship among the parties. Diversity jurisdiction only exists, however, in an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (2003). To carry his burden of proof, Plaintiff must, therefore, set forth sufficient allegations that his claim or claims satisfy the jurisdictional amount, and he faces dismissal where, as here, it is a legal certainty that his claim involve less than the jurisdictional amount. *See Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001)); *see also St. Paul Mercury Indem. Co.*, 303 U.S. 283, 289 (1938) ("if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed"); *Lunquist v. Precision*

*Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991) (burden of proof on the plaintiff). Plaintiff has failed to meet his burden of competently alleging that his damages with respect to either his breach of contract claim or his claim for securities fraud – or both combined – meet the jurisdictional threshold of $75,000, and the Complaint should therefore be dismissed.

While it is not entirely clear from the Complaint, it would appear that Plaintiff makes four claims for relief against HD VEST: (1) $344 (from his application fee) together with ancillary federal express charges; (2) punitive damages in the amount of "$1,500,000 million; " (3) an order that HD VEST enforce their contract with Plaintiff and allow him to place securities orders; and (4) an order revoking HD VEST's Massachusetts securities license. None of these specious damage claims can support this Court's exercise of jurisdiction.

1. **Plaintiff's Claim for $344 and Associated Expenses Does Not Satisfy the Jurisdictional Minimum**

It is axiomatic that Plaintiff's claim for the $344 (plus expenses) that he incurred in applying to HD VEST for a position – even if it were valid, which it is not – does not even approach the required $75,000 minimum. Moreover, even this paltry claim is flawed as Plaintiff was already reimbursed his $344 application fee. (Pringle Decl. ¶ 8.)[3]

---

[3] Citations to "Pringle Decl." refer to the Declaration of Anika Pringle, executed on September 23, 2004 and filed concurrently herewith. In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may properly consider a declaration submitted by the party challenging jurisdiction. *See Palumbo v. Roberti*, 834 F. Supp. 46, 50 (D. Mass. 1993).

### 2. Plaintiff's Wholly Unsupported Claim for Punitive Damages Cannot Support the Exercise of Subject Matter Jurisdiction.

Plaintiff makes the unsupported claim for "$1,500,000 million" in punitive damages. (Compl. ¶ *3.) Such a wholly conclusory claim for damages cannot support this Court's jurisdiction. *See Campagna*, 206 F. Supp. 2d at 121; *see also D'Amato v. Rhode Island Hosp. Trust Nat'l Bank*, 958 F. 2d 361 (Table), 1992 WL 55840, at **1 (1st Cir. Mar. 25, 1992) (court should "scrutinize" a claim for punitive damages to ensure "that it has at least a colorable basis in law and fact").

Furthermore, even if Plaintiff had averred some even colorable basis for his claim for punitive damages – which he has not – punitive damages are not recoverable under either theory advanced by Plaintiff. *See DeRose v. Putnam Mgmt. Co.*, 496 N.E.2d 428, 432 (Mass. 1986) (no punitive damages for breach of contract claim); *Marram v. Kobrick Offshore Fund, Ltd.*, SJC-09161, 2004 Mass. LEXIS 557, at *9 (Mass. June 10, 2004) (no punitive damages for violation of securities fraud provision of the Massachusetts Uniform Securities Act); *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 571 F. Supp. 1365, 1370 (D. Mass. 1983), *aff'd*, 740 F.2d 59 (1st Cir. 1984) (under Massachusetts law, punitive damages are not awarded "unless expressly allowed by statute"). As there is no legal basis for Plaintiff's claim for punitive damages, Plaintiff may not utilize those "damages" to bootstrap his claim for a refund of his $344 fee into the subject matter jurisdiction of this Court.

3.  **Plaintiff's Demand That HD VEST Be Forced to Allow Plaintiff to Place Securities Orders With HD VEST Cannot Support the Exercise of Subject Matter Jurisdiction.**

Plaintiff also demands that HD VEST be forced to allow Plaintiff to place securities orders through HD VEST. This demand can only emerge from Plaintiff's other allegations, which amount to the following: Plaintiff claims to have been lured to seek a position with HD VEST; Plaintiff alleges that he paid an application fee as part of his effort to secure a position; and Plaintiff admits that within a short time after submitting his paperwork he was terminated. (Compl. ¶¶ 11, 17, 20.) These allegations cannot support the exercise of this Court's jurisdiction.

First, Plaintiff does not even indicate that his alleged failure to "place securities orders" has or will cause him damages in excess of $75,000, much less offer a valid basis on which to test such assertion.

Second, by Plaintiff's own admission, he was terminated by HD VEST and does not allege any basis to conclude that such a termination was not entirely consistent with HD VEST's rights. Indeed, an examination of the registered representative agreement – upon which Plaintiff relies in attempting to plead his claim for breach of contract and which must form the basis for his request to place orders – renders Plaintiff's claim entirely untenable. As that contract plainly indicates, it is terminable by HD VEST on five days notice to Plaintiff. (Registered Representative Agreement at ¶ 17 (attached to Pringle Decl. ¶ 5).) Having provided that notice – as admitted by Plaintiff – Plaintiff can have no right to make a claim under a contract that he admits was validly terminated. *See* Registered Representative Agreement ¶ 17 ("This

6

Agreement will terminate . . . upon five (5) days written notice to the other party . . . ."); *see also* Pringle Decl. ¶ 7 (noting that HD VEST advised Plaintiff in writing that it was terminating him).

### 4. Plaintiff's Demand for An Order Revoking HD VEST's Massachusetts Securities License Cannot Support the Court's Exercise of Jurisdiction

Plaintiff demands that this court revoke HD VEST's Massachusetts securities license. It is clear beyond cavil that this claim cannot support this Court's jurisdiction.

First, Plaintiff entirely fails to allege how this relief would satisfy the Court's jurisdictional minimum, particularly in terms of establishing the monetary benefit to Plaintiff. *See Hairston v. Home Loan & Inv. Bank*, 814 F. Supp. 180, 182 (D. Mass. 1993) (court considers the value of injunctive relief by considering the potential gain or loss to the plaintiff). Indeed, it would appear that if this relief were granted it would offer no benefit to Plaintiff and would entirely nullify his other invalid request for relief – to be allowed to place securities orders through HD VEST.

Second, Plaintiff fails to plead any legal basis for why the relief sought is appropriate. Such relief is not alleged to be supported by Plaintiff's breach of contract claim nor his securities claim and is, therefore, not entitled to be credited by the Court. *Campagna*, 206 F. Supp. 2d at 121 (court is not obliged to "credit conclusory assertions, subjective characterizations, or outright vituperation").

Third, this court is not the proper forum to decide broker-dealer registration issues under Massachusetts state law. The Massachusetts Uniform Securities Act and its implementing regulations confer the power to issue and revoke broker-dealer licenses on the Massachusetts Securities Division, administered by the Secretary of the Commonwealth. Mass. Gen. Laws ch. 110A, §§ 201, 204.

## II.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Even if the Court were to consider the substance of Plaintiff's claims – which HD VEST asserts that it need not – Plaintiff's purported breach of contract claim is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where, as here, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994).

Plaintiff's purported breach of contract claim is based on the registered representative agreement entered into between Plaintiff and HD VEST. On its face, the agreement provides that it is to be "governed by and construed in accordance with the laws of the State of Texas." (Registered Representative Agreement ¶ 17 (attached by Pringle Decl. at ¶ 5)[4]. Under Texas law, a plaintiff alleging breach of contract must prove: (1) a valid contract existed, (2) plaintiff performed, (3) defendant breached the contract, and (4) plaintiff suffered damages as a result of the breach. *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (1997).[5]

First, Plaintiff does not assert, even in the most conclusory fashion, that HD VEST breached its purported agreement with Plaintiff. Plaintiff merely indicates that he was first told

---

[4]  A document so central to Plaintiff's claims may be considered by the court in determining a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002).

[5]  Under the relevant choice of law principles, Texas law is applicable to Plaintiff's breach of contract claim. *Morris v. Watsco*, 433 N.E.2d 886, 888 (Mass. 1982). In any event, it would appear that the applicable legal standards – found in the Restatement of Contracts – are the same in both Texas and Massachusetts, rendering largely irrelevant the choice of law determination. *Compare Realty Developing Co., Inc., v. Wakefield Ready-Mixed Concrete Co.*, 100 N.E.2d 28, 30 (Mass. 1951) *with Glass v. Anderson*, 596 S.W.2d 507, 512 (Tex. 1980)).

8

that he would be licensed through HD VEST and then later informed that he was terminated. (Compl. ¶¶ 14, 20.) As demonstrated above, however, the termination of Plaintiff was entirely consistent with the plain language of the registered representative agreement between HD VEST, and Plaintiff.[6] Therefore, Plaintiff's termination consistent with those terms cannot support a claim for breach of contract. Indeed, Plaintiff chooses to entirely ignore the right and likely obligation of HD VEST to terminate its relationship with Plaintiff in light of the history of NASD and SEC disciplinary actions against Plaintiff. *See supra* note 1.

Second, Plaintiff has failed to assert that he suffered any damages (apart from the $344 fee and ancillary expenses) as a result of HD VEST's alleged breach of contract following any performance under the agreement by Plaintiff.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR SECURITIES FRAUD

Count two of the Complaint alleges a "securities fraud" claim against HD VEST. Although Plaintiff cites broadly to the Massachusetts Uniform Securities Act and the Code of Massachusetts Regulations dealing with securities, Plaintiff fails to identify on what sections of these laws he bases his claim. Given that claims for "securities fraud" are typically understood to be claims arising under Section 10(b) of the Securities Exchange Act of 1934, it appears that Plaintiff is making his claim under Section 410(a)(2) of the Massachusetts Uniform Securities Act ("the Massachusetts Securities Act"), as it is the statute recognized in Massachusetts as "most

---

[6] In interpreting a contract, the court is guided by the plain meaning of "the language contained in the contract in the sense in which the language is ordinarily used." *S. J. Bifano v. Econo Builders, Inc.*, 401 S.W. 2d 670, 676 (Tex. Civ. App. 1966) (internal quotations omitted).

9

analogous to Section [10(b)of the Securities Exchange Act of 1934]." *Slavin v. Morgan Stanley & Co.*, 791 F. Supp. 327, 332 (D. Mass. 1992).

Section 410(a)(2) states that any person who "*offers or sells a security* by means of any untrue statement of a material fact or any omission to state a material fact . . ." is liable for securities fraud (emphasis added). To plead a claim under § 410(a)(2), Plaintiffs must meet the following five elements: (1) the defendant 'offers or sells' a security; (2) in Massachusetts; (3) by making untrue statements of a material fact; (4) without Plaintiff's knowledge of the untruth or omission; and (5) the defendant knew, or with exercise of reasonable care would have known of the untruth or omission. *Marram*, 2004 Mass. LEXIS 557, at *9.

Plaintiff has failed to plead any of the required elements. For example: Plaintiff fails to plead (1) the existence of a security; (2) that HD VEST offered or sold a security; (3) that any purported offer and sale took place in Massachusetts; or (4) that HD VEST made any untrue statements to Plaintiff in connection with such an offer or sale of securities.

Accordingly, Plaintiff's claim against HD VEST for securities fraud should be dismissed for failure to state a claim upon which relief can be granted.

10

## CONCLUSION

For the foregoing reasons, HD VEST respectfully requests that the Court grant its Motion to Dismiss.

Dated: September 27, 2004

Respectfully submitted,

/s/ Steve W. Kasten

Steven W. Kasten, Esq. (BBO #318840)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA  02109-1775
Telephone:  617-535-4000
Facsimile:  617-535-3800

Kevin T. Abikoff
Alice C. Hou, Esq. (BBO #654281)
HUGHES, HUBBARD & REED, LLP
1775 I Street, NW
Washington, DC  20006
Telephone:  202-721-4600
Facsimile:  202-721-4646

Attorneys for Defendant HD Vest Financial Services, Inc.