UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWARD, Pro-Se<br><br>         Plaintiff,<br><br>   v.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br><br>         Defendant. | CIVIL ACTION<br>NO. 04-11900-NG<br><br>Hon. Nancy Gertner |

## DECLARATION OF A'NIKA PRINGLE

A'Nika Pringle being duly sworn, deposes and says:

  1.  I am Compliance Manager for HD VEST Financial Services, Inc. ("HD VEST"), and I submit this affidavit in support of Defendant HD VEST's Motion to Dismiss filed in connection with the above-captioned action. I make this declaration upon my own personal knowledge, and if called as a witness I could and would testify competently to the facts stated herein.

  2.  As Compliance Manager, I am familiar with HD VEST's policies and procedures regarding the hiring of registered representatives, and I was personally responsible for reviewing the licensing application of Plaintiff Dan Howard.

  3.  Persons who seek to become associated with HD VEST as registered representatives must submit to HD VEST: (1) an application fee, (2) a signed registered

representative agreement, and (3) a signed letter authorizing HD VEST to conduct a search for the applicant's file in the Central Registration Depository ("CRD"), which is a database maintained by the National Association of Securities Dealers ("NASD") that contains information such as the applicant's past securities industry employers and customer complaints filed against the applicant.

4. When an applicant has returned the three items described in Paragraph 3, above, to HD VEST, the applicant is given a "registered representative number" and HD VEST begins the process of conducting an appropriate background check on the applicant's background (which includes an examination of the information provided on the CRD). After the background examination is complete, HD VEST makes a determination of whether to allow an individual to become an associated person of HD VEST.

5. Plaintiff sent to HD VEST his $344 application fee, signed a registered representative agreement, and signed a letter authorizing HD VEST to conduct the necessary background check. A true and correct copy of HD VEST's signed registered representative agreement with Plaintiff is attached. Upon receiving the documents and fee, HD VEST issued to Plaintiff a registered representative number.

6. After reviewing relevant information relating to Mr. Howard, HD VEST, based largely on Plaintiff's disciplinary history, decided not to allow Plaintiff to become a licensed representative of HD VEST.

7. On August 14, 2004, HD VEST informed Plaintiff in writing that HD VEST would not be sending Plaintiff's licensing application to the NASD, effectively terminating Plaintiff's potential association with HD VEST.

8.  On August 29, 2004, HD VEST refunded to Plaintiff the $344 application fee.

9.  I, A'Nika Pringle, do hereby swear under the penalties of perjury on this day, September 23, 2004, that the foregoing statement is true and correct to the best of my knowledge.

                                              A'NIKA PRINGLE
                                              Compliance Manager
                                              HD VEST Financial Services, Inc.

Subscribed and sworn to before me this 23rd day of September, 2004.

JOAN RIVERS
Notary Public, State of Texas
My Commission Expires
March 26, 2008

Notary Public
My Commission Expires: 3/26/08

3