H. Vest Copy – Return with other documents

# Registered Representative Agreement
H.D. Vest Investment Services℠

Rep No. 7w570

By this agreement ("Agreement") between H.D. Vest Investment Securities, Inc., d/b/a H.D. Vest Investment Services ("Broker/Dealer") and _____ ("You," "you," "Your," or "your"), you are hereby appointed a registered representative of Broker/Dealer to solicit and receive orders for the purchase and sale of securities through Broker/Dealer under the following terms and conditions:

1. **DUTIES.**

   You are engaged as a registered representative to solicit and receive orders for the purchase and sale of securities through Broker/Dealer and to facilitate transactions in securities accounts of Broker/Dealer ("Securities Business"). You will be responsible for the conduct of your Securities Business and the time and place such business duties are performed. You are free to exercise your judgment as to whom you will solicit or from whom you will receive orders for securities, subject to rules of suitability and all other applicable laws, regulations and rules. Broker/Dealer reserves the right to reject any application for the purchase or sale of a security submitted by you.

2. **RELATIONSHIP AND AUTHORITY.**

   It is mutually understood and agreed that you are an independent contractor of Broker/Dealer and that you will not be treated as an employee for federal tax or any other purposes. You will pay income, self-employment, occupational, municipal, state, federal and all other taxes arising out of your activities as a registered representative. You will have no right to bind Broker/Dealer by any statement, promise, representation, agreement, or contract of any kind, or to waive any of Broker/Dealer's rights or to obligate Broker/Dealer in writing. It is stipulated that you are not an employee, officer, partner, or joint venturer of or with Broker/Dealer. *Other than in the course of conducting Securities Business pursuant to this Agreement or in the course of providing other services through an affiliate of Broker/Dealer for which you are fully licensed, you will not directly or indirectly represent an affiliation with Broker/Dealer in providing any other services or products or while engaging in any Outside Business activity (as defined below), including, but not limited to, tax, accounting, legal, insurance and registered investment advisor services. You will not represent, directly or indirectly, that any sales or services other than Securities Business are provided by or through Broker/Dealer.*

3. **OUTSIDE BUSINESS ACTIVITIES AND SELLING AWAY.**

   *You will inform Broker/Dealer in writing of all employment, contractual or business relationships or interests with any person or entity ("Outside Business") to which you are a party at any time during the term of this Agreement, whether related to Securities Business or otherwise.* Nothing herein will restrain you from engaging in an Outside Business activity which does not, in the exclusive opinion of Broker/Dealer, conflict with the business of this appointment, *subject to your disclosing such activities to Broker/Dealer in writing.* However, you will not acquire or obtain any interest, connection, or employment, directly or indirectly, with or by any dealer, underwriter, syndicator, or broker of securities without Broker/Dealer's prior approval. *You may not sell any security or other financial product or service of any kind away from Broker/Dealer without Broker/Dealer's prior written approval.*

4. **LICENSES AND FEES.**

   Broker/Dealer may assist you in obtaining licenses necessary for your Securities Business. However, you will be responsible for timely applying for, obtaining, paying for, and maintaining (including payment of all annual renewal fees), all necessary licenses, permits and registrations required by any law, regulation or rule in connection with your activities herein. You will pay all insurance, bonding, audit, and other fees based on your activities herein. Unless you inform Broker/Dealer in writing at least thirty (30) days prior to the date fees for renewal of any licenses, permits or registrations are due, Broker/Dealer reserves the right, at its sole option, to pay such fees for your benefit and hold you responsible for paying to Broker/Dealer any costs incurred by Broker/Dealer in paying such fees.

5. **COMPLIANCE WITH RULES.**

   You will familiarize yourself and conduct your Securities Business in strict compliance with all federal and state securities laws, rules and regulations as well as the rules and regulations of self-regulatory bodies including, but not limited to, the National Association of Securities Dealers, Inc. You will observe all rules and policies of Broker/Dealer as published in any compliance or other policies and procedures manuals published by Broker/Dealer and any supplements and amendments thereto in addition to any other rules and policies communicated to you by

Broker/Dealer, and these policies and rules are incorporated by reference and made a part of this Agreement. *You will notify Broker/Dealer immediately of any audits, investigations, proceedings, customer complaints or similar matters regarding your Securities Business or in any way involving Broker/Dealer or Indemnified Parties (as defined below) whether related to Securities Business or otherwise.*

6. **CUSTOMER REIMBURSEMENT.**

Broker/Dealer reserves the right, for any reason, to refund to any customer all or any part of a payment received from such customer, and you agree to reimburse Broker/Dealer promptly for any payment received by you as a result of such transaction, as well as expenses incurred by Broker/Dealer in regard to such reimbursement. You agree to reimburse Broker/Dealer and authorize Broker/Dealer to deduct from any commissions due, or that may become due you hereunder, the amount of any reimbursement made or expense incurred by Broker/Dealer in connection with such reimbursement. *You may not settle any claim, refund, or agree to refund to a Securities Business customer any amount without prior written approval of Broker/Dealer.*

7. **SETTLEMENT OF TRANSACTIONS.**

You will immediately forward to Broker/Dealer all applications, customer account forms and payment taken with an application or otherwise coming into your possession for Securities Business. You are authorized to collect only that payment which is submitted with an application or order in the form of a check or money order and not cash. You agree to have all checks or other orders for payment of money received by you made payable to the mutual fund or other product sponsor, escrow agent, trustee, custodian, clearing broker/dealer, H.D. Vest Investment Services or other party designated in writing by Broker/Dealer without commingling it with your own or any other money or property. You further agree that for each separate transaction the payment tendered will be the full and complete payment received by you from the customer.

8. **ADVERTISING.**

You will not use in connection with your Securities Business, whether by mail, printed material (including, but not limited to, business cards and letterhead), newspaper, radio, television, Internet, or any other media, any sales, promotional or advertising literature without the prior written approval of Broker/Dealer.

9. **RESPONSIBILITY AND INDEMNITY FOR YOUR ACTIVITIES.**

You agree to defend, indemnify and hold harmless Broker/Dealer, its parent and affiliated companies and their respective officers, directors, employees, agents and assigns ("Indemnified Parties") from and against all losses, liabilities, claims, damages and expenses arising from your Securities Business, negligence, breach of any term of this Agreement, or violation or alleged violation of any applicable laws, rules, regulations, or policies whether or not resulting in litigation or adverse legal action against Indemnified Parties. In addition, you agree to defend, indemnify and hold harmless Indemnified Parties from and against any losses, liabilities, claims, damages or expenses arising from any of your Outside Business activities or conduct including, but not limited to, tax, accounting, legal, insurance or registered investment advisor, or any other activities not associated with Broker/Dealer, whether or not resulting in litigation or adverse legal action against Indemnified Parties.

10. **RESPONSIBILITY AND INDEMNITY FOR CUSTOMER CONDUCT.**

You will be responsible for the conduct of customers for whom you are the registered representative. If such a customer fails to pay transaction costs, account charges, maintenance fees, debts, or claims of any kind for which Indemnified Parties are held responsible, you will indemnify, defend and hold harmless Indemnified Parties from and against such costs, charges, fees, debts and claims.

11. **COMMISSIONS.**

You will receive a commission in accordance with the commissions schedule and terms set forth in Exhibit A less any applicable clearing and/or transaction fees on each payment of commissions resulting from a securities order submitted by you and accepted by Broker/Dealer and any investment corporation, company or other entity represented by Broker/Dealer. Commissions will not become earned or payable to you until orders and applications are accepted by Broker/Dealer, payments are received by Broker/Dealer with respect to such orders, and any other events which establish the right of Broker/Dealer to receive payment of commissions with respect to such orders have occurred.

12. **CHANGE IN COMMISSION SCHEDULE.**

   Broker/Dealer reserves the right, upon notice to you, to change the commissions schedule and terms set forth in such schedule. The notice will set forth the revised commission schedule and its effective date. You will be entitled to receive commissions according to the commission schedule and terms in effect upon the date an order is accepted in writing by Broker/Dealer.

13. **OFFSET OF COMMISSIONS OR OTHER AMOUNTS OWED.**

   Broker/Dealer reserves the right, and you hereby authorize Broker/Dealer, to offset or withhold from any amount due, or that may become due, you from Broker/Dealer the amount of any debt, loss, damage or expense of Broker/Dealer arising from your Securities Business, negligence, or indemnification of Indemnified Parties, the failure of customers for whom you are the registered representative to timely pay any fees, losses, expenses, or other amount for which Broker/Dealer is otherwise held or becomes responsible, or any other amount owed by you to Broker/Dealer or Indemnified Parties for any reason.

14. **CONFIDENTIALITY.**

   You agree, during the term of this Agreement and after its termination, not to divulge to others, or use for your benefit or the benefit of others, without written permission of Broker/Dealer, any information obtained during the term of this Agreement relating to financial condition, trade secrets, techniques, hardware, software, business plans, know-how, sales, lists of registered representatives or prospective registered representatives, lists of customers or prospective customers, and securities of any company related to Broker/Dealer ("Confidential Information"). All Confidential Information and any other books, records, notes, or files supplied by Broker/Dealer, and other similar data or information used by you or to which you come in contact during the term of this Agreement with respect to the activities of Broker/Dealer will remain the property of Broker/Dealer and will not be removed, copied in whole or in part, or used in any way to benefit any person or entity other than Broker/Dealer. You further agree that upon the request of Broker/Dealer, whether prior to or following termination of this Agreement, you will immediately deliver to Broker/Dealer all Confidential Information and any other written or other material of Broker/Dealer, and you agree not to reproduce by any means any such material. Notwithstanding the foregoing, all tax files and other tax client information legally required to be maintained by you will remain your property.

15. **SALES INFORMATION.**

   You agree that, in connection with your particpation in various Broker/Dealer programs, Broker/Dealer may provide information to other representatives of Broker/Dealer concerning the products you sell pursuant to this Agreement and the amount of such sales. You agree that any such information provided to you will remain confidential pursuant to the terms of this Agreement.

16. **REPRESENTATIVE SOLICITATION.**

   You agree, during the term of this Agreement and for a period of one year after its termination, not to knowingly encourage or induce another registered representative of Broker/Dealer to terminate his/her relationship with Broker/Dealer or its affiliated companies without Broker/Dealer's prior written consent.

17. **TERMINATION.**

   This Agreement will terminate (1) upon your death or adjudged incompetence; (2) upon the mutual written consent of the parties; (3) upon five (5) days written notice to the other party delivered to their last known address; or (4) for good cause as set forth herein. You agree that Broker/Dealer may terminate this Agreement for good cause without notice to you, and that good cause includes the following: (a) your conviction, by a court of competent jurisdiction, of a crime involving moral turpitude, whether or not committed during the term of this Agreement; (b) your commission of an act of fraud upon, or an act materially evidencing bad faith or dishonesty toward Broker/Dealer; (c) the breach of your duties and obligations pursuant to this Agreement, including but not limited to the violation of any rules or policies of Broker/Dealer, your negligence in the performance of your duties hereunder, or your violation of any law or regulation regarding your Securities Business; or (d) your adjudication as a bankrupt or a conviction of a crime punishable by imprisonment.

18. **COMMISSIONS FOLLOWING TERMINATION.**

Following termination of this Agreement for any reason other than good cause as set forth above, you will be entitled to receive commissions (including but not limited to 12(b)(1) fees, residual fees, or "trailers") on transactions for which you are responsible, which are accepted by Broker/Dealer and for which payment is received by Broker/Dealer within seven (7) days of the date of termination of this Agreement. However, you shall not be entitled to receive commissions on any purchases or sales made by you and received by Broker/Dealer after the event giving rise to a termination for good cause as set out above.

19. **REMEDIES.**

You agree that the services rendered by Broker/Dealer are special, unique, and of extraordinary character, that the remedy at law for any breach of this Agreement will be inadequate as a result, and that Broker/Dealer is entitled to injunctive relief in addition to any other remedy of Broker/Dealer.

20. **GOVERNING LAW.**

This contract will be governed by and construed in accordance with the laws of the State of Texas.

21. **INVALID PROVISIONS.**

If any provision of this Agreement is declared invalid, such invalidity will not invalidate the entire Agreement, but the Agreement will be construed as if not containing the particular provisions held to be invalid, and the rights of the parties will be construed and enforced accordingly.

22. **BINDING EFFECT.**

All provisions of the Agreement will be binding upon and, to the extent permitted, inure to the benefit of, the heirs, executors, administrators, successors, representatives and assigns of the parties.

23. **FAILURE TO ENFORCE.**

The forbearance or neglect of Broker/Dealer to enforce any provision of the Agreement, to terminate this Agreement pursuant to its terms, or to take advantage of any right or privilege hereunder, will not constitute a waiver of any right or privilege under the Agreement or otherwise.

24. **ASSIGNMENT.**

This Agreement or any beneficial interest in the Agreement cannot be assigned by you without the written consent of Broker/Dealer. Broker/Dealer may assign this Agreement upon five days written notice to you.

25. **NOTICES.**

All notices, requests, and other communications to Broker/Dealer provided for herein will be in writing and delivered, unless otherwise notified by Broker/Dealer, to *H.D. Vest Investment Services, 6333 North State Highway 161, Fourth Floor, Irving, Texas 75038.* Notices, requests and communications to you will be delivered to your address set forth below or last address maintained by Broker/Dealer and shall be effective immediately if delivered in person, one day after deposit for delivery by overnight mail, or three days after deposit for delivery by United States Mail. Broker/Dealer may also deliver notices to you electronically via its website or e-mail to your last known address.

26. **PAYMENTS FOLLOWING DEATH.**

You may designate a beneficiary in the space below to receive, upon your death, ongoing trail commissions, including 12(b)(1) and other residual fees ("Trail Commissions") arising from purchases or sales made pursuant to this Agreement by or to customers for whom you are the representative of record according to the books and records of Broker/Dealer prior to your death. To the extent allowed by applicable laws, regulations and rules, Broker/Dealer will pay your beneficiary Trail Commissions until such time as a new representative, including but not limited to Broker/Dealer, is appointed to the customer's account at Broker/Dealer's sole discretion. You agree to indemnify, defend and hold harmless Indemnified Parties from any action or damages resulting from the payment or non-payment of Trail Commissions pursuant to this section.

Beneficiary and Relationship __YATI HOWARD    WIFE__

27. ENTIRETY OF AGREEMENT.

This Agreement represents the entire agreement between the parties and supersedes all prior agreements or understandings whether oral or written with respect to the subject matter of the Agreement. Except for a change in the commissions schedule, no amendment or modification of the Agreement will be valid unless in writing and signed by the parties.

Understood and Agreed:

Representative:

_[signature]_
SIGNATURE

DAN HOWARD
PRINTED NAME

64 BONAIR ST.
STREET ADDRESS

SOMERVILLE, MA. 02145
CITY, STATE, ZIP

6/5/04
DATE

H. D. Vest Investment Services

BY: _[signature]_

TITLE: Jeff Klein, President

Copyright© 2003 H. D. Vest Investment Services. All rights reserved.