UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWARD, PRO-SE )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>H.D. VEST SERVICES, )<br>STUART K. JUCKETT, )<br>   and )<br>NATIONAL ASSOCIATION OF )<br>    SECURITIES DEALERS, INC., )<br>    Defendants )<br>) | Civil Action No. 04-11900 NG |

## MOTION OF NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Pursuant to Local Rule 7.1 (B)(3), National Association of Securities Dealers, Inc. ("NASD") respectfully requests leave of Court to file a brief Reply Brief in support of the Motion of NASD to Dismiss the Complaint to respond briefly to the Opposition which was filed by the Plaintiff Dan Howard ("Plainitiff").

A true and correct copy of the Reply Brief which NASD would like to file is attached hereto and marked as Exhibit "A".

-2-

Respectfully submitted,

Defendant,

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

By its attorneys,


/s/ Pamela E. Berman
Pamela E. Berman (BBO# 551806)
Adler Pollock & Sheehan PC
175 Federal Street, 12th Floor
Boston, MA 02110
(617) 603-0552 (Telephone)
(617) 482-0604 (Telecopier)
pberman@apslaw.com

Dated: October 27, 2004

313797

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWARD, PRO-SE, <br><br> Plaintiff, <br><br> v. <br><br> HD VEST FINANCIAL SERVICES, <br> STUART K. JUCKETT, <br> NATIONAL ASSOCIATION OF <br> SECURITIES DEALERS, <br><br> Defendants. | Docket No. 04CV11900NG |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NASD, INC. MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant National Association of Securities Dealers, Inc. ("NASD") hereby submits this Reply Memorandum in Support of its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

SUMMARY

Plaintiff's "Motion in Opposition to National Association of Securities Dealers ("NASD") Motion to Dismiss Plaintiff's Complaint" ("Opposition Brief") contains no legal rebuttal to the legal defenses briefed in NASD's Memorandum in Support of its Motion to Dismiss. Instead, plaintiff attempts to avoid the plain meaning of the caselaw by making new allegations and legal claims, all of which are invalid.

II.  Plaintiff's Legal Arguments Are Invalid

NASD's Motion to Dismiss is based upon three grounds: (1) *res judicata*; (2) no private right of action; and (3) absolute immunity.

NASD is entitled to assert *res judicata* over any claims relating to its disciplinary proceeding against Howard, because Howard fully litigated that disciplinary proceeding to the U.S. Court of Appeals, pursuant to 15 U.S.C. § 78y. Plaintiff did not respond to this argument, or show why his attempt to have this Court overturn his disciplinary case is not barred by *res judicata*. Instead, plaintiff again asserts, without basis, that his disciplinary sanction, which was affirmed by the First Circuit in 2003, "is null and void with no force or effect." Opposition Brief at ¶ 13.

With respect to the private right of action and immunity arguments, plaintiff responds by citing several statutes and cases, all of which are inapplicable to NASD. NASD will briefly address each of the legal claims, incidentally, asserted by Plaintiff for the first time in his Opposition Brief. Although these legal claims should not be considered part of the Complaint, NASD will address them to show that amendment of plaintiff's complaint to include these claims would therefore be futile.

- 15 U.S.C. § 77q and 15 U.S.C. § 78j, and SEC Rule 10b-5 (Opposition Brief, ¶ 15)—these are the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934, respectively. They pertain to fraud in the offer and sale of securities, allegations which appear nowhere in the Complaint.

2

- 15 U.S.C. § 77t(d) (Opposition Brief, ¶ 18)—this provision of the Securities Act of 1933 deals with the SEC's power to investigate, enjoin and prosecute violations of the securities laws. This provision does not confer a private right of action, and no court has implied one.

- 15 U.S.C. §§ 78u(d)(3) and 78(u)(1) (Opposition Brief, ¶ 18)—these provisions address, respectively, the SEC's power to investigate, enjoin and prosecute violations of the Exchange Act, and the SEC's authority to impose civil penalties for insider trading. None of these provisions confers a private right of action upon plaintiff, or deprives NASD of its regulatory immunity.

- The Massachusetts Tort Claims Act M.G.L. c. 258 (1), *et seq.* (Opposition Brief, ¶ 24) applies only to "public employers," as that term is defined in c. 258 (1). That term includes the Commonwealth of Massachusetts and local entities and their employees, but does not include private corporations. NASD is a private, not-for-profit Delaware corporation, and not a division or agency of the Commonwealth of Massachusetts that is subject to the MTCA. *Desiderio v. National Ass'n of Securities Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069 (2001).

- 42 U.S.C. § 1983 (Opposition Brief, ¶ 27) is inapplicable to NASD because it is not a state actor. *D. L. Cromwell Investments, Inc. v. NASD Regulation, Inc.*, 279 F.3d 155 (2d Cir.), *cert denied*, 537 U.S. 1028 (2002); *Desiderio v. National Ass'n of Securities Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069 (2001); *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 698, 699 n.5 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074 (1980) (dismissing §1983 claim).

Moreover, plaintiff has not identified any constitutional rights that NASD allegedly violated.

Plaintiff's case citations are similarly inapplicable to his claims or to NASD's motion to dismiss. None of the cases cited in ¶ 28 of plaintiff's Opposition Brief address the absolute immunity accorded to NASD in its regulatory and prosecutorial capacities, or contradict the body of case law cited by NASD in its opening brief.[1] In fact, each case cited by Plaintiff precedes, by decades, the numerous cases holding that there is no private right of action against NASD for its regulatory acts and omissions, or that NASD is immune from liability in its regulatory capacity. See, generally, NASD's Memorandum of Law in Support of Motion to Dismiss, at pp. 14-19. In fact, two of the Circuit Courts of Appeal cited by plaintiff, the Fifth Circuit and the Ninth Circuit, have ruled that NASD does enjoy absolute immunity for its regulatory acts and omissions. *Partnership Exch. Sec. Co. v. National Ass'n of Sec. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999) (holding that the NASD was protected by absolute immunity for its conduct "under the aegis of the Exchange Act's delegated authority") (internal quotation marks omitted); *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998); *Austin Municipal Securities, Inc, v. National Ass'n of Securities Dealers, Inc.*, 757 F.2d 676 (5th Cir. 1985).

---

[1] *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978) addresses a constitutional claim by a criminal defendant against a Texas state court judge, not a national securities association approved by the SEC pursuant to 15 U.S.C. § 78o-3. *Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966), addresses the immunity of a state for federal claims brought by an attorney seeking to reverse his disbarment. *Kissel v. Breskow*, 579 F.2d 425 (7th Cir. 1978), addressed the immunity of the secretary of Indiana's legal disciplinary commission, an arm of the state. Finally, *Niklauss v. Simmons*, 196 F. Supp. 691 (D. Neb. 1961), addressed the immunity of a judge who presided over a disbarment proceeding. The fact that these cases recognized the existence other types of immunity does not contradict or undermine NASD's own judicially-recognized immunity.

These arguments apply with equal force to the allegations that NASD's operation of a securities industry registration database pursuant to federal law makes NASD liable for alleged "stalking" of plaintiff by defendant Juckett. Without answering the private right of action and immunity defenses, plaintiff instead argues that the alleged "stalking" violates unspecified civil rights, which take precedence over these defenses. If this were the case, then any plaintiff dissatisfied with NASD's actions in a disciplinary case or NASD's performance of any other regulatory function could simply plead around these defenses by alleging without more that NASD's actions violated his or her unspecified civil rights. That argument has been rejected by numerous cases holding that NASD is not a state actor, a perquisite for a constitutional claim, and must be rejected here.

NASD's maintenance of securities registration information and its disclosure of that information to members of the public have been specifically approved by the SEC under 15 U.S.C. § 78s(b)(4), and have been codified in NASD Rule IM-8310-2. Plaintiff does not allege that NASD released any information about him that was not specifically permitted to be released under SEC-approved rules.[2]

In sum, plaintiff's allegations, even if assumed to be true, do not state a cause of action upon which he can obtain relief because each of the allegations relate directly to NASD's disciplinary proceeding against him and suspension of his securities license, and

---

[2] Plaintiff's "stalking" claim against NASD is undermined by his securities registration record. Exhibit D to Certification of NASD Business Records. Plaintiff's CRD record does not mention defendant H.D. Vest in any way, as that firm never filed registration forms for plaintiff. Plaintiff's most recent securities registration is listed as Acument, and that registration terminated in September 2002. Therefore, defendant Juckett could not have used the NASD database to learn that Plaintiff sought employment with H.D. Vest. Moreover, as explained in NASD's opening brief, plaintiff's registration records are no longer subject to any public disclosure, because he has been out of the industry longer than 24 months.

5

to NASD's maintenance of securities industry registration information pursuant to federal law and SEC oversight. Plaintiff's claims are therefore barred by the absence of a private right of action and by regulatory immunity.

III.   Plaintiff's "Factual" Allegations Do Not Preclude Dismissal of His Claims

NASD's Motion to Dismiss does not depend on the proof or disproof of plaintiff's factual allegations, because even if true, he does not state a claim. However, plaintiff's Opposition Brief attempts to create a factual issue by making a number of misstatements about "stalking" and other allegations against NASD, citing documents that contradict plaintiff's allegations.

Plaintiff urges this court not to consider the certified business records attached by NASD to the Certification of NASD Business Records in support of NASD's Motion to Dismiss. Plaintiff does not allege that any of the specific business records have been falsified, or in what manner they differ from the actual documents. Instead, plaintiff alleges that NASD falsified other (unspecified and unattached) documents in the past, and therefore falsified the documents attached to the Certification of NASD Business Records, which is an affidavit by NASD's custodian of business records. Opposition Brief, ¶ 11. This is no basis to reject the authenticity of the certified business records presented by NASD, which have been authenticated by duly executed affidavit of NASD's corporate secretary.

Plaintiff's other "factual" assertions essentially rehash the allegations in his complaint. Finally, plaintiff attaches several documents to his Opposition Brief, purportedly in support of the statements made therein. None of these documents support

6

any of plaintiff's statements, but underscore that plaintiff's lawsuit arises from the NASD disciplinary case that he lost.

All of the documents attached by plaintiff were culled from the record on appeal in plaintiff's NASD disciplinary case, and concern arguments made by plaintiff in that case, and rejected by the SEC and the Court of Appeals. The validity of NASD's decision to take disciplinary action against plaintiff is *res judicata*. Plaintiff exhausted all of his legal remedies to challenge this decision, including any of the factual arguments that he made during that proceeding, and continues to make to this Court.

Moreover, contrary to plaintiff's assertions in his Complaint and Opposition Brief, none of the documents presented by plaintiff identifies anyone as a "stalker" (Opposition Brief, ¶ 4), proves that NASD falsified any record (Opposition Brief ¶ 3, 11), or shows that NASD "settled" its disciplinary case against plaintiff in 1997 (Opposition Brief, ¶ 13). Plaintiff's erroneous interpretation of these documents does not create a cause of action against NASD.

The documents attached by NASD show that Howard's securities license was terminated September 11, 2002, when he ceased to be associated with a securities firm. Exhibit B to Certification of NASD Business Records. NASD rules require that after two years following termination of registration, an individual cannot become licensed without retaking qualifications examinations for the licenses he or she seeks to hold. NASD Rule 1031(c) (NASD Manual (CCH)). ("Any person whose ... most recent registration as a representative or principal has been terminated for a period of two (2) or more years immediately preceding the date of receipt by the Association of a new application shall

7

be required to pass a Qualification Examination for Representatives, appropriate to the category of registration as specified in Rule 1032")

Howard's license was suspended for two years per the SEC's disciplinary decision, effective September 23, 2002, with the suspension ending September 22, 2004. Howard could not register with any firm until the conclusion of that suspension. NASD Rule IM-8310-1.[3]  Since Howard's license had expired more than two years before September 22, 2004, the conclusion of his suspension, he was required retake and pass his qualifications examinations, before he could become licensed.

In sum, Howard's allegations concerning his "license" are incorrect by operation of securities law. Howard did not have a license to "extend" in July 2004, when he alleges he "purchased" a license from defendant H.D. Vest. (Opposition Brief, ¶ 31). Howard's misunderstanding of how the securities industry licensing and registration system works does not create a cause of action against NASD, or suspend the operation of NASD and SEC rules regarding licensing of securities representatives.

In sum, plaintiff's Opposition Brief presents nothing new, and utterly fails to respond to the legal defenses to his claims.

---

[3] "If the Association of Commission issues an order that imposes a suspension, revocation, or cancellation of the registration of a person associated with a member or bars a person from further association with any member, a member shall not allow such person to remain associated with it in any capacity, including a clerical or ministerial capacity."

8

The Defendant,

NATIONAL ASSOCIATION
OF SECURITIES DEALERS, INC.

By its attorneys,

/s/ Pamela E. Berman
Pamela E. Berman (BBO# 551806)
Adler Pollock & Sheehan PC
175 Federal Street, 12th Floor
Boston, MA 02110
(617) 603-0552 (Telephone)
(617) 482-0604 (Telecopier)
PBerman@apslaw.com (E-mail)

Dated: October 27, 2004

*313762_1.doc*

9