UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 CV 11900NG

|  |  |
|---|---|
| DAN HOWARD,<br>    Plaintiff<br><br>vs.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT,<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT STUART K. JUCKETT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)6

### BACKGROUND SUMMARY

This matter has its origins in an informal complaint made in 1996 by the defendant Stewart Juckett concerning the mismanagement of his stepfather's brokerage account while the plaintiff Dan Howard was employed by H.J. Myers, a now defunct brokerage.

The complaint resulted in a settlement with H.J. Myers, (**Complaint, para, 32**) Subsequent discipline of the plaintiff by the National Association of Securities Dealers (NASD) revealed that the plaintiff had engaged in excessive and unsuitable transactions while managing the defendant's stepfather's account and the NASD imposed a two year suspension on the plaintiff from acting as a broker.

1

The plaintiff appealed the NASD decision to the Securities and Exchange Commission (SEC) which upheld the NASD (**Exhibit A**).

The plaintiff then sought a reconsideration from the SEC. This was denied. (**Exhibit B**).

Next the plaintiff sought review in the United States Court of Appeals. This appeal was unsuccessful as well. (**Exhibit C**).

Subsequently, Mr. Juckett visited a public website maintained by the National Association of Securities Dealers (nasd.org) to locate the plaintiff's U-4, which referred to the defendant as a stalker. (**Affidavit of Stuart Juckett**).

In fact, it has been established that rather than be a stalker, Juckett has been a victim of intimidation by the plaintiff. (See **Brief of defendant NASD, p.10**) Because the U-4 referred to Mr. Juckett as a stalker, Mr. Juckett made calls to Acument Securities to have the defamatory reference eliminated. In September 2002, the U-4 was amended to exclude any reference to Mr. Juckett as a stalker. (**Affidavit of Stuart Juckett**).

The plaintiff has brought a series of unsuccessful actions against the defendant Juckett, this being the most recent, derived in large part from the already decided NASD claim. He is now claiming that he has filed a police report concerning the defendant and that the defendant has been harassing him, though the "harassment" appears to be merely seeking the change of the plaintiff's U-4.

The plaintiff has also stated that the defendant has contacted his former employer Acument Securities to make "threats" (**Complaint para. 49**), and is suspected "on information and belief" of contacting co-defendant H. D. Vest. (**Complaint. para. 52**). The plaintiff does not specify whether or not the threats were of a violent nature or merely a threat to sue. He does not plead any specific facts in support of these theories, and has no facts to substantiate his "information and belief" that Juckett contacted H. D. Vest.

The plaintiff has affixed a letter from Acument to the Complaint. In this letter, the plaintiff is admonished "not to use this firm or the NASD's filing for other purposes." The letter also confirmed that the U-4 necessitated amendment, i.e. the removal of defamatory language concerning the defendant Juckett.

The plaintiff has characterized Mr. Juckett's actions as violating "the United States Civil Rights Act" (sic) and M.G.L. ch. 265 §37, G.L. ch. 265, Sect. 3, M.G.L. 12§111 and M.G.L. ch. 275, Sec. 2.

Plaintiff seeks damages against Mr. Juckett in the sum of $5 million for interference with contractual rights and from having any further contact with future employers, from any access to the website of NASD, and to cease direct contact with the plaintiff.

The causes of action cited by the plaintiff are for the most part criminal statutes designed to punish stalking and civil rights actions. No detailed allegations are made that Juckett has used the Internet to contact the plaintiff. (See M.G.L. ch. 265 §43), or engaged

in any other unlawful conduct. In fact, as pointed out in the brief of the NASD, the plaintiff does not allege that he obtained a court order of protection establishing "stalking" against the defendant Juckett. As the NASD brief states, the plaintiff's entire stalking claim against NASD is based upon NASD's disclosure of the plaintiff's registration data (a public record) on-line, something millions of Internet users no doubt have access to.

No detailed allegations are made by the plaintiff which reflect any "threats, coercion or intimidation" of the plaintiff from enjoying any of the rights guaranteed to him by the state or national constitutions, necessary elements under the Massachusetts Civil Rights Act. (M.G.L. ch. 12 §11I).

## ISSUES PRESENTED

### HAS THE PLAINTIFF PRESENTED ANY CLAIM FOR WHICH RELIEF MAY BE GRANTED?

### ARGUMENT

Dismissal pursuant to Rule 12(b) 6 is warranted where there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. 12 (b)(6); see *Wagner v. Devine*, 122 F. 3d 53, 55 (1st Cir. 1997 ) In analyzing such a motion, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiffs. See *Albright v. Oliver*, 510 U.S. 266 (1994). A cause of action may be dismissed if the plaintiff cannot prove, beyond a doubt, that facts supporting the claim entitle them to relief. See *Conley v. Gibson*, 355 US 41 (1957); *Roeder v. Alpha Indus., Inc.*, 814 F2d 22 (1st Cir. 1987).

In the introduction to the plaintiff's complaint, the plaintiff lists five causes of action against the defendant Stuart Juckett. None of these causes of action are pled with sufficient facts to establish liability or even state a claim, nor do such facts exist which would justify placing the defendant through the vexation, expense and inconvenience of a lawsuit for what appears to be a frivolous and abusive action.

Moreover, three of the causes of action pled are criminal in nature and have no enabling sections for civil liability.

Massachusetts General Law Chapter 265 Section 43 is a criminal statute which deals with the offense of stalking and which subjects adjudicated offenders to fines and imprisonment. This court would appear to have no jurisdiction under this statute and it would seem to be inappropriately selected as a cause of action in the instant complaint.

Massachusetts General Law Chapter 275 Section 2 is another Massachusetts state criminal statute which appears to have been inappropriately pled as a cause of action in this case. It calls for judicial intervention in threats to commit a crime. No actual threat of a criminal nature has been articulated in this complaint, no federal jurisdiction is set forth in the statute and no civil liability for the accused is mentioned in the statute. Thus the statute appears to have been mistakenly cited by the plaintiff.

Massachusetts General Law Chapter 265 Section 37 is also out of place in this Court and in this case. It is a criminal statute which reads in part:

5

> "No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate or interfere, or oppress or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him by constitution or laws of the Commonwealth or by the Constitution or laws of the United States."

The law calls for a fine and imprisonment, but does not appear to have any provision for civil liability. Thus allegations under this statute, in the unlikely event it applies at all to the defendant, belongs in another court in another case, if anywhere at all.

With respect to the claim under M.G.L. Chapter 12 Section 11I, the plaintiff has a requirement to show that the defendant somehow used "threats, coercion or intimidation, including an actual or potential physical confrontation accompanied by a threat of harm. ***Lecrenski v. Johnson***, 312 F. Supp.2d 117 (2004). The Massachusetts Supreme Court has also allowed for economic coercion to be an element of this constitutional tort. But plaintiff has not shown economic coercion. He does not divulge the nature of any contacts made by the defendant to any of plaintiff's employers. Apparently no contact has been made other than a request to alter the U-4 which is displayed on-line. This is hardly stalking. Nor does this conduct equal "tortious interference" or a violation of civil rights.

If the plaintiff is attempting to establish that he had a constitutional right to label the defendant as a stalker, he is mistaken and this will not precipitate a cause of action. There is no constitutional protection for the plaintiff's libelous statements made concerning the defendant ***New York Times v. Sullivan***, 376 U.S. 254 (1964).

Rather than the plaintiff presenting any actionable claim against the defendant Juckett, the plaintiff has misused process to pursue a poorly disguised attempt to chill the defendant's right to engage in constitutionally protected actions to clear his name and reputation from on-going abuse by the plaintiff.

Not unlike the SLAPP suits which are designed to chill the "valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances," the instant action is designed to punish the defendant for being vigilant in protecting his name on-line, and requesting that false descriptions of him as a "stalker" be removed.

Mindful of the tolerance mandated for pro-se parties whose pleadings are haphazard, this is a case where the plaintiff, even if all his allegations were accepted, cannot prove any set of facts in support of a claim which would entitle him to relief. (*Conley v. Gibson*, 355 U.S. 41 (1957)). In this case it is completely clear that no civil rights violations occurred on the part of defendant Juckett to the plaintiff.

While the defendant is also accused of violating federal civil rights laws, the state action requirement attendant to most federal civil rights actions is missing. The defendant is not an employer, state actor, public institution, governmental entity or otherwise subject to suit on the basis of any allegations of this complaint. (*Monroe v. Pape*, 365 U.S. at 172-87). Without specification of exactly which federal civil rights law has been violated, the defendant cannot respond further on this point other than that no conduct has been described that would subject Juckett to liability for a constitutional tort.

Even taking all of the allegations as true, nowhere has the plaintiff set forth the elements of proof of any tortious conduct, or a factual pattern indicating any semblance of wrongdoing on part of the defendant Juckett.

Assuming it is true that the defendant Juckett contacted the employer of the plaintiff to complain about scandalous information on the U-4, it is hardly a tortious act or civil rights violation. It was merely an attempt to correct the record, nothing more.

If the plaintiff is trying to establish a claim for intentional interference with contractual relations, he is required to demonstrate that Juckett knowingly and for an improper purpose or by improper means induced a party to breach a contract with him, *Buster v. Moore*, 438 Mass. 635 (2002).

H.D. Vest has made it crystal clear that its reasons for not going forward with a contractual relatonship with the plaintiff was his disciplinary record. **(Pringle Affidavit para. 6)** Further, the plaintiff has not pled that any of the contacts Juckett had with Acument wee improper, or that improper means were used, or that he even specifically induced the relationship to fail. As far as defendant's counsel can determine, Acument and the plaintiff parted ways because the plaintiff's suspension as a broker became effective.

Assuming it is true that the defendant Juckett used the NASD website to locate the plaintiff, this is neither stalking nor a civil rights violation. It is an attempt to use a publicly accessible database for precisely the kind of purpose of NASD would envision, the accountability of a licensed broker, and ensuring accuracy in public information.

The plaintiff needs to be sent a message in the form of a sanction or declaration as a vexatious litigant. His series of lawsuits against Mr. Juckett have reaped a toll of expenses, impaired health and stress on the defendant.

*WHEREFORE*, defendant Stuart Juckett prays this Court dismiss this case with prejudice, and take such other action as may be deemed appropriate and just.

For the defendant Stuart Juckett,
by his attorney,

David C. Grossack, Esquire
Post Office Box 90
Hull, Massachusetts  02045
(781) 261-9990
BBO No. 212890
Date:  November 6, 2004