

U.S. Securities and Exchange Commission

Home | Previous Page

**United States of America
before the
Securities and Exchange Commission**

Securities Exchange Act of 1934
Rel. No. 46707 / October 23, 2002

Admin. Proc. File No. 3-10392

In the Matter of the Application of

DANIEL RICHARD HOWARD
4 Canal Park #205
Cambridge, Massachusetts 02141

For Review of Disciplinary Action Taken by the
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

### Order Denying Petition for Reconsideration

On July 26, 2002, we issued an opinion sustaining disciplinary action taken by the National Association of Securities Dealers, Inc. ("NASD") against Daniel Richard Howard, formerly a general securities representative of H.J. Meyers & Co., Inc., a former NASD member firm. [1] Howard now requests reconsideration of our decision.

We found that Howard violated NASD rules by making unsuitable recommendations to a customer, by giving a false response to a question on his Uniform Application for Securities Industry Registration ("Form U-4"), and by failing to amend that misstatement thereafter. We sustained the sanctions assessed by the NASD, a two-year suspension in all capacities from association with any NASD member and a $17,500 fine for the unsuitable recommendations, and a concurrent 90-day suspension and a $7,500 fine for the Form U-4 violations.

Howard does not question any specific matters relating to our findings of violation or the sanctions imposed on him. Instead, in summary fashion, he raises a number of procedural arguments, most of which were fully considered and rejected in our prior opinion.

1. On rehearing, Howard claims that the NASD's prosecuting attorney threatened that, if Howard even spoke to a securities lawyer, the attorney

would have Howard "barred from the business." According to Howard, he obeyed the attorney and was "irrevocably prejudiced" by the "revocation" of his right to a lawyer.

There is no evidence supporting this claim, and the record demonstrates that Howard did not consider himself under any constraint in seeking legal assistance. At Howard's request, the Hearing Officer postponed the initial pre-hearing conference in this matter to give Howard "a reasonable opportunity to retain counsel." At subsequent pre-hearing conferences, Howard stated that he was trying to raise the necessary funds to hire a securities lawyer. Finally, at the outset of the hearing, Howard announced "for the record" that he was appearing *pro se* because he could not afford an attorney.

2. Howard now argues that the action we have taken is improper since "the entire matter was settled and closed in 1996" when Meyers settled with the customer to whom Howard made unsuitable recommendations. The fact that Howard's employer entered into a settlement with his customer has no bearing on the NASD's authority to bring this action. While the interests of the individual investor may have been satisfied, the NASD had an obligation to determine the propriety of Howard's actions and, if it concluded that he had engaged in misconduct, to determine what remedial action was appropriate in the public interest.

3. Howard once again argues that the decision of the NASD Hearing Panel is "null and void" because the NASD failed to comply with the requirements of Rule 9268 of the NASD's Code of Procedure. [2] We previously considered and rejected this contention. As we noted, the rule calls for the Hearing Officer's *preparation* of a decision within 60 days (which must then be distributed to other members of the Hearing Panel for their approval). The rule does not require the *issuance* of a decision within that period, as claimed by Howard. Moreover, contrary to Howard's further assertions, there is no evidence that the decision was not prepared within the requisite time, distributed to and approved by the other panel members, and promptly served on the parties.

4. Howard again contends that he did not receive notice of the oral argument before the NASD's National Adjudicatory Council ("NAC"); that he was the victim of selective prosecution; and that the NASD's prosecuting attorney made a racial and religious slur against him.

We have already dealt with these arguments and found them lacking in merit. Howard was properly notified of the oral argument before the NAC, and he failed to show that he was subject to selective prosecution. The NASD attorney denied making any racial or religious slur and, despite Howard's claim to the contrary, there is no evidence in the record to support Howard's allegation.

The additional contentions raised by Howard have been considered and rejected. Accordingly, in light of the foregoing, IT IS ORDERED that the petition for reconsideration filed by Daniel Richard Howard be, and it hereby is, denied.

By the Commission.

Jonathan G. Katz<br>
Secretary

Endnotes

[1] *Daniel Richard Howard*, Securities Exchange Act Rel. No. 46269, 78 SEC Docket 427.

[2] Rule 9268 provides in relevant part: "Within 60 days . . . , the Hearing Officer shall prepare a written decision that reflects the views of the Hearing Panel . . . as determined by majority vote . . . . The Office of Hearing Officers shall promptly serve the decision of the Hearing Panel . . . on the Parties."

*http://www.sec.gov/litigation/opinions/34-46707.htm*

Home | Previous Page                                Modified: 12/05/2002