Source:   Legal > Cases - U.S > **Federal Court Cases, Combined** i
Terms:  **daniel richard howard**  (Edit Search)

*77 Fed. Appx. 2, \*; 2003 U.S. App. LEXIS 19454, \*\*;*
*Fed. Sec. L. Rep. (CCH) P92,505*

DAN HOWARD, Petitioner, v. SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 02-1939

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

77 Fed. Appx. 2; 2003 U.S. App. LEXIS 19454; Fed. Sec. L. Rep. (CCH) P92,505

September 19, 2003, Decided

**NOTICE: [\*\*1]** RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** ON PETITION FOR REVIEW OF AN ORDER OF THE SECURITIES AND EXCHANGE COMMISSION.

**DISPOSITION:** SEC's opinion affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Petitioner broker sought review of an order of respondent Securities and Exchange Commission, which sustained a disciplinary action taken against him by the National Association of Securities Dealers, Inc. (NASD).

**OVERVIEW:** An NASD hearing panel determined that the broker made unsuitable recommendations for the purchase and sale of speculative securities to an elderly customer and filed an inaccurate Uniform Application for Securities Industry Registration Form, falsely denying that he was the subject of a NASD investigation. In his petition, the broker focused on a series of procedural claims found by the Commission to be entirely without merit. The court concluded that, by failing to make a developed argument, the broker waived any objection to the Commission's findings on the merits. Further, substantial evidence supported the findings as to the procedural claims. The central claim was that the broker was the victim of selective prosecution by NASD because he was Hispanic and fell outside the preferred ethnic group of the NASD and the Commission. This argument, however, failed. The broker's identification of two non-Hispanic brokers who were investigated by NASD because of customer complaints and as to whom NASD had determined that no action was warranted, alone was insufficient to show that the other non-Hispanic brokers were similarly situated to the broker for purposes of selective prosecution.

**OUTCOME:** The Commission's order was affirmed.

**CORE TERMS:** substantial evidence, customer, trading, recommendation, speculative, unsuitable, selective, elderly, Nasd Conduct Rules, disciplinary action, case law, characterization, recommended, sustaining, inaccurate, brokers, amend, equitable

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Securities Law > Securities & Exchange Commission > Judicial Review
Administrative Law > Judicial Review > Standards of Review > Substantial Evidence Review

**HN1** The Securities and Exchange Commission's findings as to the facts are conclusive if supported by substantial evidence. 15 U.S.C.S. § 78y(4). The court's function is not to independently weigh the facts. Rather, after reviewing the record considered as a whole, including the evidence opposed to the Commission view, it is to determine whether substantial evidence supports the Commission's decision. More Like This Headnote

Civil Procedure > Appeals > Reviewability > Preservation for Review
Civil Procedure > Appeals > Briefs

**HN2** Arguments that are undeveloped on appeal are deemed waived. More Like This Headnote

Torts > Intentional Torts > Abuse of Process & Malicious Prosecution

**HN3** A successful selective prosecution claim would require the plaintiff to show that he was prosecuted while others similarly situated were not, and that the government's prosecution was in bad faith. More Like This Headnote

**COUNSEL:** Dan Howard on brief Pro se.

Jacob H. Stillman, Solicitor, Leslie E. Smith, Senior Litigation Counsel, and Catherine A. Broderick, Counsel to the Assistant General Counsel on brief for respondent.

**JUDGES:** Before Boudin, Chief Judge, Lynch and Howard, Circuit Judges.

**OPINION:** [*2] **Per Curiam. Daniel Richard Howard** petitions this court for review of an order of the Securities and Exchange Commission ("SEC") sustaining a disciplinary action taken against him by the National Association of Securities Dealers, Inc. ("NASD"). We have jurisdiction pursuant to 15 U.S.C. § 78y. **HN1** The SEC's findings as to the facts are conclusive if supported by substantial evidence. § 78y(a)(4). "[This court's] function is not to independently weigh the facts . . . . Rather, after reviewing the record considered as a whole, including the evidence opposed to the S.E.C. view, [it is] [*3] to determine whether substantial evidence supports [**2] the Commission's decision." Todd & Co., Inc. v. Securities & Exchange Comm'n, 557 F.2d 1008, 1013 (3d Cir. 1977).

Following a two-day hearing, a NASD Hearing Panel determined that Howard had violated NASD Conduct Rules 2110 and 2310, by making unsuitable recommendations for the purchase and sale of speculative securities to an elderly customer and filing an inaccurate Uniform Application for Securities Industry Registration Form (Form U-4), falsely denying that he was the subject of a NASD investigation. n1 The findings were affirmed by the NASD National Adjudicatory Council ("NAC") and Howard was fined $ 25,000 and suspended from NASD for two years. Based upon an independent review of the record, the SEC affirmed NASD's disciplinary action. See In re: **Daniel Richard Howard**, Securities Exchange Act Rel. No. 46269, 78 SEC Docket 427, 2002 SEC LEXIS 1909 (July 26, 2002). The SEC denied Howard's motion for reconsideration and Howard petitioned this court for review of the SEC's decision.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 NASD Conduct Rule 2110 provides as follows:

A member, in the conduct of his business, shall observe high standards of commercial honor

and just and equitable principles of trade.

NASD Conduct Rule 2310 provides, in relevant part, as follows:

> (a) In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs.

- - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - [**3]

In his pro se brief submitted in support of his petition, Howard focuses almost exclusively on a series of procedural claims found by the NAC and the SEC to be entirely without merit. His sole reference to the merits of the rule violations is as follows: "Petitioner denies each and every allegation of unsuitability and churning and denies falsifying his U-4." By failing to make a developed argument, Howard has waived any objection to the SEC's findings on the merits. See United States v. Zannino, 895 F.2d 1, 17 1st Cir. 1990) (explaining that <sup>HN2</sup> ⭲arguments that are undeveloped on appeal are deemed waived).

Even if there had not been a waiver, however, there is substantial evidence to support the SEC's findings. The SEC's findings that Howard's recommendations to his elderly customer, John B. Meeker, were unsuitable are supported by substantial evidence. The actual trading activity is undisputed. The characterization of the recommended securities as "speculative" is supported by research reports prepared by H.J. Meyers & Co., Inc. ("H.J. Meyers") (where Howard was employed as a general securities representative during the relevant period) and by SEC filings, as interpreted [**4] by a NASD investigator. Howard himself characterized the Meeker account as "speculative" in his testimony at the hearing before the NASD panel. The SEC's findings about the level of trading activity are also supported by the record. And the case law supports the SEC's characterization of these turnover rates and cost-to-equity ratios as reflecting excessive trading. See In re Peter C. Bucchieri, 52 S.E.C. 800, 805 (1996).

The record as a whole also supports the SEC's finding that "Meeker was an elderly man in poor health whose primary need was additional income and who sought investments that carried minimum risk." In re Howard, 2002 SEC LEXIS 1909, at *5. Given these facts known to Howard, substantial evidence supports the SEC's conclusion that "both the nature of the securities [*4] that Howard recommended to Meeker and the level of trading activity were unsuitable," in violation of NASD Conduct Rules 2110 and 2310. Id., at *9.

Similarly, there is substantial support in the record for the SEC's finding that Howard violated Conduct Rule 2110 by filing an inaccurate U-4 form and failing to amend it thereafter. Specifically, the SEC found that Howard [**5] admitted that he had received NASD's letter of October 15, 1998, informing him of his obligation to disclose NASD's pending investigation in his Form U-4 when answering Question 22I. In re Howard, 2002 SEC LEXIS 1909, at *11. It further found that after Howard joined Moors & Cabot, Inc. in October 1998, the firm filed a Form U-4 on his behalf, which Howard signed, that gave a negative answer to Question 22I. Id. The SEC found that "Howard did not amend his Form U-4 to correct that misstatement." Id. The SEC's conclusion that it was "clear that Howard was responsible for the false statement on his Form U-4," id., at *12, is supported by substantial evidence in the record. The case law supports the conclusion that such conduct violates "just and equitable principles of trade." See In re Thomas R. Alton, 52 S.E.C. 380, 382 (1995); In re Robert E.

|  |  |
|---|---|
| DAN HOWARD, PRO-SE, ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | **AFFIDAVIT OF STUART JUCKETT** |
| ) | |
| HD VEST FINANCIAL SERVICES, ) | |
| STUART K. JUCKETT, ) | |
| NATIONAL ASSOCIATION OF ) | |
| SECURITIES DEALERS, ) | |
| Defendants ) | |
| ) | |

I, Stuart Juckett, being duly sworn and on oath, hereby do attest as follows;

1. My name is Stuart Juckett. I am one of three defendants in the above captioned proceeding. I reside at 15 Alexis Court, Amagansett, New York.

2. This case has its origins in a business relationship my late stepfather had with the plaintiff when he was employed by H. J. Meyers, a now defunct brokerage with which my father had an account.

3. My stepfather was in his eighties at the time and was unable to closely monitor the trading. He executed a power of attorney for me and I reviewed the handling of the account.

4. It was learned that the plaintiff had invested my stepfather's money in unsuitable securities of highly speculative, small capitalization stocks. At the time, my stepfather's need was for income. He was eighty five years old and a cancer survivor. Moreover, it was learned that the plaintiff had made an excessive number of transactions in the account ("churning") apparently for the sole purpose of generating $20,000.00 in commissions for himself while precipitating nearly $40,000.00 in losses for the account.

5. As a result of complaints made to H. J. Meyers and the National Association of Securities Dealers, a settlement was reached.

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 CV 11900NG

|  |  |
|---|---|
| DAN HOWARD,<br>  Plaintiff<br><br>vs.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT,<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF COUNSEL
## PURSUANT TO LOCAL RULE 7.1(a)(2)

  This is to certify that on 2:05 p.m. Friday afternoon, November 5, 2004, I conferred with the plaintiff in an attempt to resolve the issues presented in the Motion To Dismiss.

  The parties were unable to reach an agreement, and therefore it is necesary to file this motion.

  Signed under oath this 5th day of November, 2004.

_____
David C. Grossack, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 CV 11900NG

| | |
|---|---|
| DAN HOWARD,<br>　　　　Plaintiff<br><br>vs.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT,<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLYMOUTH, ss

## CERTIFICATE OF SERVICE

I, hereby certify that on this 6th day of November, 2004, mailed via first-class, postage prepaid the foregoing: **Motion To Dismiss; Certification of Counsel Pursuant to Local Rule 7.1(a)(2)**; upon: Dan Howard, P.O. Box 440250, Somerville, MA 02114, Steven Kasten, Esq. McDermott, Will & Emery, 28 State Street, Boston, MA 02109 and Pamela Berman, Esq., Adler, Pollock & Sheehan, 12th Floor 175 Federal Street, Boston, MA 02110.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　David C. Grossack, Esquire
　　　　　　　　　　　　　　　　　　　Post Office Box 90
　　　　　　　　　　　　　　　　　　　Hull, Massachusetts 02045
　　　　　　　　　　　　　　　　　　　(781) 261-9990
　　　　　　　　　　　　　　　　　　　BBO # 212890