UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

DAN HOWARD, Pro-Se

          Plaintiff,

v.

HD VEST FINANCIAL SERVICES,
STUART K. JUCKETT
NATIONAL ASSOCIATION OF
SECURITIES DEALERS,

          Defendant.

CIVIL ACTION
NO. 04-11900-NG

Hon. Robert B. Collings

---

## HD VEST FINANCIAL SERVICES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

Defendant HD VEST Financial Services ("HD VEST") respectfully submits this memorandum in opposition to Plaintiff's "Notice of Application of Interlocutory Appeal to Court of Appeals" ("Plaintiff's Application for Interlocutory Appeal"), asking for review of this Court's November 4, 2004 Electronic Order denying Plaintiff's Motion for Entry of Default against HD VEST ("Order Denying Entry of Default").

Through the instant motion, Plaintiff continues down the tortured path of filing frivolous and vexatious motions in a misguided effort to harass HD VEST. Plaintiff served his original meritless complaint on September 7, 2004, which in essence seeks to invoke this Court's jurisdiction to secure the return to Plaintiff of $344; a sum which has already been returned to Plaintiff. In response to his frivolous complaint, HD VEST timely filed and served a motion to dismiss. Rather than respond to the motion to dismiss – or even retrieve his own mail – Plaintiff

moved for default judgment. There was no basis whatsoever for this Court to grant Plaintiff's request for such extraordinary relief, and the Court properly denied Plaintiff's request. HD VEST's opposition to Plaintiff's request for default judgment was fully articulated in its October 8, 2004 "Opposition to Plaintiff's Motion for Default Judgment Against Defendant HD VEST Financial Services" and need not be repeated here.

On October 8, 2004, Plaintiff also requested that he be granted "at least 60 days" to respond to HD VEST's motion to dismiss and to conduct broad-based discovery – which motion was appropriately denied by this Court. *See* "Notice of Plaintiff's Motion and Motion Requesting Continuance of Defendant HD VEST Financial Services ("HDVFS") Motion to Dismiss," "Declaration of Dan Howard," and "November 4, 2004 Electronic Order Denying Motion for Entry of Default and Motion Requesting Continuance." Somewhat paradoxically, it is actually Plaintiff who has failed to respond to HD VEST's properly pleaded motion to dismiss, providing an additional basis for this Court to dismiss Plaintiff's case.

Plaintiff now appears to be asking this Court to certify for appeal its denial of Plaintiff's request for a default judgment, and Plaintiff further requests that the proceedings be stayed, purportedly to afford him an opportunity to brief the certification question.[1] Interlocutory certification under §1292(b), however, is meant to be used "sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d 28, 47 (D. Mass. 2002) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st

---

[1] Plaintiff, unrelated to his request for interlocutory appeal, also alleges that "Attorney Alice Hou violated electronic filing rules and therefore [admission *pro hac vice*] is null and void." Not only is Plaintiff's allegation baseless, but also his charge, even if true, would be largely irrelevant as Alice Hou was admitted to practice before this Court on October 21, 2004, pursuant to Local Rule 83.5.1.

Cir. 1984)). Plaintiff's Application for Interlocutory Appeal satisfies none of the necessary criteria under 28 U.S.C. §1292(b) to warrant the invocation of such extraordinary relief.

In addition to failing to meet the requirements set forth in §1292(b), Plaintiff has also failed to meet applicable procedural requirements by not filing his petition in a timely fashion in the Court of Appeals. *See* Fed. R. App. P. 5(a); *Rodriquez v. Banco Cent.*, 917 F.2d 664, 668 (1st Cir. 1990) (filing notice of appeal in district court does not give circuit court jurisdiction to hear 28 U.S.C. 1292(b) appeal); *In re La Providencia Dev. Corp.*, 515 F.2d 94, 95-96 (1st Cir. 1975) (failure to file petition in circuit court within 10 days of recertification was fatal to appeal).[2]

For the foregoing reasons, Plaintiff's Application for Interlocutory Appeal should be denied. Furthermore, HD VEST's motion to dismiss the instant action should be granted for the reasons previously articulated by HD VEST (*see* Memorandum of Points and Authorities in Support of HD VEST Financial Services' Motion to Dismiss) and to protect HD VEST from the continued harassment by Plaintiff (and the concomitant costs imposed thereby) through frivolous and vexatious motions.

Dated: November 24, 2004

Respectfully submitted,

/s/ Alice C. Hou

---

Alice C. Hou, Esq. (BBO #654281)
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Defendant HD Vest Financial Services

---

[2] To the extent that Plaintiff seeks an "extraordinary writ," such a writ is reserved for truly extraordinary causes – of which this is clearly not one – and must be timely filed with the Court of Appeals. *See* Fed. R. App. P. 21; *Will v. United States*, 389 U.S. 90, 107 (1967).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 24, 2004, I served a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Interlocutory Appeal on counsel of record via electronic filing and on the following parties (not registered for e-filing) via U.S. Postal Service Express Mail:

        Mr. Dan Howard
        P.O. Box 440250
        Somerville, MA  02144

        Mr. David C. Grossack, Esq.
        P.O. Box 90
        Hull, MA  02045

                                          Alice C. Hou