# Hughes Hubbard & Reed LLP

1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: 202-721-4600
Fax: 202-721-4646

# EXHIBIT A

December 16, 2004

BY FIRST-CLASS MAIL

Dan Howard
P.O. Box 440250
Somerville, MA 02144

   Re:  Opposition to Motion for Interlocutory Appeal

Dear Mr. Howard:

  Attached please find a courtesy copy of HD VEST's Opposition to Plaintiff's Motion for Interlocutory Appeal. This document was served on you on November 24, 2004 via U.S. Postal Service Express Mail at the P.O. Box 440250 address you provided to the Court in this case. On November 24, 2004, we also sent you a courtesy copy of this document via U.S. Postal Service Express Mail to your address at 64 Bonair Street. The copy sent to Bonair Street was forwarded to P.O. Box 440250.

  Recently, both copies were returned to us, and as the attached tracking sheets show, you received notices from the Postal Service to pick up these documents from your P.O. Box, and when you did not retrieve them, they were returned to us as "unclaimed" on December 10, 2004.

  Because service is deemed complete upon mailing, regardless of whether you choose to accept the envelope containing the papers, service upon you was proper and complete on November 24, 2004. However, as a courtesy, another copy of the Opposition has been attached to this letter.

Sincerely,

Alice C. Hou

Attachment

DC One Battery Park Plaza · New York, New York 10004-1482 · 212-837-6000

47, Avenue Georges Mandel · 75116 Paris, France · (33) (1) 44.05.80.00

350 South Grand Avenue · Los Angeles, California 90071-3442 · 213-613-2800

201 South Biscayne Boulevard · Miami, Florida 33131-4332 · 305-358-1666

Shiroyama JT Trust Tower, 16F · 4-3-1 Toranomon, Minato-ku · Tokyo 105-6016 Japan · (81)(3) 5403-4649

101 Hudson Street · Jersey City, New Jersey 07302-3918 · 201-536-9220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAN HOWARD, Pro-Se

                Plaintiff,

v.

HD VEST FINANCIAL SERVICES,
STUART K. JUCKETT
NATIONAL ASSOCIATION OF
SECURITIES DEALERS,

                Defendant.

CIVIL ACTION
NO. 04-11900-NG

Hon. Robert B. Collings

## HD VEST FINANCIAL SERVICES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

Defendant HD VEST Financial Services ("HD VEST") respectfully submits this memorandum in opposition to Plaintiff's "Notice of Application of Interlocutory Appeal to Court of Appeals" ("Plaintiff's Application for Interlocutory Appeal"), asking for review of this Court's November 4, 2004 Electronic Order denying Plaintiff's Motion for Entry of Default against HD VEST ("Order Denying Entry of Default").

Through the instant motion, Plaintiff continues down the tortured path of filing frivolous and vexatious motions in a misguided effort to harass HD VEST. Plaintiff served his original meritless complaint on September 7, 2004, which in essence seeks to invoke this Court's jurisdiction to secure the return to Plaintiff of $344; a sum which has already been returned to Plaintiff. In response to his frivolous complaint, HD VEST timely filed and served a motion to dismiss. Rather than respond to the motion to dismiss – or even retrieve his own mail – Plaintiff

moved for default judgment. There was no basis whatsoever for this Court to grant Plaintiff's request for such extraordinary relief, and the Court properly denied Plaintiff's request. HD VEST's opposition to Plaintiff's request for default judgment was fully articulated in its October 8, 2004 "Opposition to Plaintiff's Motion for Default Judgment Against Defendant HD VEST Financial Services" and need not be repeated here.

On October 8, 2004, Plaintiff also requested that he be granted "at least 60 days" to respond to HD VEST's motion to dismiss and to conduct broad-based discovery – which motion was appropriately denied by this Court. *See* "Notice of Plaintiff's Motion and Motion Requesting Continuance of Defendant HD VEST Financial Services ("HDVFS") Motion to Dismiss," "Declaration of Dan Howard," and "November 4, 2004 Electronic Order Denying Motion for Entry of Default and Motion Requesting Continuance." Somewhat paradoxically, it is actually Plaintiff who has failed to respond to HD VEST's properly pleaded motion to dismiss, providing an additional basis for this Court to dismiss Plaintiff's case.

Plaintiff now appears to be asking this Court to certify for appeal its denial of Plaintiff's request for a default judgment, and Plaintiff further requests that the proceedings be stayed, purportedly to afford him an opportunity to brief the certification question.[1] Interlocutory certification under §1292(b), however, is meant to be used "sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d 28, 47 (D. Mass. 2002) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st

---

[1] Plaintiff, unrelated to his request for interlocutory appeal, also alleges that "Attorney Alice Hou violated electronic filing rules and therefore [admission *pro hac vice*] is null and void." Not only is Plaintiff's allegation baseless, but also his charge, even if true, would be largely irrelevant as Alice Hou was admitted to practice before this Court on October 21, 2004, pursuant to Local Rule 83.5.1.

Cir. 1984)). Plaintiff's Application for Interlocutory Appeal satisfies none of the necessary criteria under 28 U.S.C. §1292(b) to warrant the invocation of such extraordinary relief.

In addition to failing to meet the requirements set forth in §1292(b), Plaintiff has also failed to meet applicable procedural requirements by not filing his petition in a timely fashion in the Court of Appeals. *See* Fed. R. App. P. 5(a); *Rodriquez v. Banco Cent.*, 917 F.2d 664, 668 (1st Cir. 1990) (filing notice of appeal in district court does not give circuit court jurisdiction to hear 28 U.S.C. 1292(b) appeal); *In re La Providencia Dev. Corp.*, 515 F.2d 94, 95-96 (1st Cir. 1975) (failure to file petition in circuit court within 10 days of recertification was fatal to appeal).[2]

For the foregoing reasons, Plaintiff's Application for Interlocutory Appeal should be denied. Furthermore, HD VEST's motion to dismiss the instant action should be granted for the reasons previously articulated by HD VEST (*see* Memorandum of Points and Authorities in Support of HD VEST Financial Services' Motion to Dismiss) and to protect HD VEST from the continued harassment by Plaintiff (and the concomitant costs imposed thereby) through frivolous and vexatious motions.

Dated: November 24, 2004

Respectfully submitted,

/s/ Alice C. Hou

---

Alice C. Hou, Esq. (BBO #654281)
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Defendant HD Vest Financial Services

---

[2] To the extent that Plaintiff seeks an "extraordinary writ," such a writ is reserved for truly extraordinary causes – of which this is clearly not one – and must be timely filed with the Court of Appeals. *See* Fed. R. App. P. 21; *Will v. United States*, 389 U.S. 90, 107 (1967).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2004, I served a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Interlocutory Appeal on counsel of record via electronic filing and on the following parties (not registered for e-filing) via U.S. Postal Service Express Mail:

>Mr. Dan Howard
>P.O. Box 440250
>Somerville, MA  02144

>Mr. David C. Grossack, Esq.
>P.O. Box 90
>Hull, MA  02045

*Alice C. Hou*



**UNITED STATES POSTAL SERVICE**



Home

# Track & Confirm

**Shipment Details**

You entered EV45 3475 962U S

Your item was returned to the sender on December 10, 2004 because it was not claimed by the addressee.

Here is what happened earlier:

- ENROUTE, December 10, 2004, 6:37 am, WASHINGTON, DC 20074
- UNCLAIMED, December 09, 2004, 9:43 am, SOMERVILLE, MA
- ARRIVAL AT PICK-UP-POINT, November 29, 2004, 8:34 am, SOMERVILLE, MA 02144
- FORWARDED, November 29, 2004, 7:14 am, SOMERVILLE, MA
- NOTICE LEFT, November 27, 2004, 11:12 am, SOMERVILLE, MA 02145
- UNDELIVERABLE AS ADDRESSED, November 26, 2004, 1:07 pm, SOMERVILLE, MA 02145
- ARRIVAL AT UNIT, November 26, 2004, 7:29 am, SOMERVILLE, MA 02143
- ENROUTE, November 24, 2004, 8:24 pm, BALTIMORE, MD 21240
- ACCEPTANCE, November 24, 2004, 2:19 pm, WASHINGTON, DC 20038

**Track & Confirm**

Enter label number:

Go >

**Track & Confirm FAQs**    Go >

**Notification Options**

▸ Track & Confirm by email    What is this?    Go >



**POSTAL INSPECTORS**
Preserving the Trust

site map   contact us   government services

Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use   Privacy Policy



Home

# Track & Confirm

**Shipment Details**

You entered EV45 3475 945U S

Your item was processed and left our WASHINGTON, DC facility on December 10, 2004. Information, if available, is updated every evening. Please check again later.

Here is what happened earlier:

- UNCLAIMED, December 09, 2004, 9:43 am, SOMERVILLE, MA
- ARRIVAL AT PICK-UP-POINT, November 26, 2004, 8:50 am, SOMERVILLE, MA 02144
- ARRIVAL AT UNIT, November 26, 2004, 7:29 am, SOMERVILLE, MA 02143
- ENROUTE, November 24, 2004, 8:24 pm, BALTIMORE, MD 21240
- ACCEPTANCE, November 24, 2004, 2:22 pm, WASHINGTON, DC 20038

**Track & Confirm**

Enter label number:

Go >

Track & Confirm FAQs  Go >

**Notification Options**

▸ Track & Confirm by email   What is this?   Go >
▸ Request Proof of Delivery  What is this?   Go >



POSTAL INSPECTORS
Preserving the Trust

site map  contact us  government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/detail

12/10/04