UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 CV 11900NG

|  |  |
|---|---|
| DAN HOWARD,<br>    Plaintiff<br><br>vs.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT,<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT STUART K. JUCKETT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Now comes the Defendant Stuart K. Juckett through counsel and states opposition to the Plaintiff's Emergency Motion for Order of Protection and incorporates by reference its brief submitted in its Motion To Dismiss.

Plaintiff sets forth in his argument that he has held a conversation with the undersigned in which he was told to the effect that there would be financial consequences for the Plaintiff if he continued the lawsuit. Defendant's counsel advised plaintiff of the possibility of sanctions and a claim for abuse of process.

Because the instant lawsuit is in Defendant's view unequivocally frivolous, a warning of sanctions by Defendant's counsel to the Plaintiff was entirely appropriate. (The quotation cited by the Plaintiff, though, is invented.)

1

This case is one of several pro-se actions the plaintiff has brought against Stuart Juckett, none yet having been successful.

The characterization of counsel as a "stalker" is ludicrous. If there has been any "stalker" it has been the Plaintiff who has repeatedly harassed the Defendants with several merit-less actions and complaints to public officials causing expense and aggravation.

The Plaintiff now seeks to bring an action in nuisance against Juckett contained within this motion and renews his request that defendant be defaulted. A hearing on the default is scheduled for January 20.

The Defendant denies each and every allegation stated in its "Count I of Nuisance and opposes the Plaintiff's new attempt to default the Defendant.

On its face, the Plaintiff's motion has demonstrated no factual basis for any of the relief he is seeking. Nor has he presented any legal basis for any remedy.

There is no law that prevented Juckett from complaining to the NASD, from visiting websites or from collaborating with other parties in his own defense. There is no law or precedent known to counsel that would bar Juckett from visiting a website. Based on equitable principles, the request for injunctive relief by means of a protective order should not be allowed if there is no likelihood of success on the merits.

The instant case is likely to be unsuccessful, as was a lawsuit Dan Howard brought against Juckett in Fairfax County, Virginia for "slander, libel, and conspiring to commit bank fraud", one

brought against Juckett's stepfather in East Hampton Justice Court, East Hampton, New York for slander, numerous frivolous complaints to police departments and the FBI, and a suit brought in Small Claims Court in Cambridge, Massachusetts (SC# 667/971) eight years ago, essentially arising out of similar circumstances.

Again, this lawsuit is one clearly brought in retaliation for complaining about mistreatment by the plaintiff of a customer when plaintiff was a stockbroker. Both the NASD and the SEC found against Mr. Howard. The vendetta has continued for eight years, and the instant motion is merely the latest of a long series of unfounded, baseless complaints that have been rightfully denied or dismissed in numerous forums.

For all these reasons the motion should be denied.

For the defendant Stuart Juckett,
by his attorney,

_____
David C. Grossack, Esquire
Post Office Box 90
Hull, Massachusetts  02045
(781) 261-9990
BBO No. 212890
Date:  January 11, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 CV 11900NG

|  |  |
|---|---|
| DAN HOWARD,<br>    Plaintiff<br><br>vs.<br><br>HD VEST FINANCIAL SERVICES,<br>STUART K. JUCKETT,<br>NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLYMOUTH, ss

## CERTIFICATE OF SERVICE

I, hereby certify that on this 11th day of January, 2005, mailed via first-class, postage prepaid the foregoing: **Defendant Stuart Juckett's Opposition To Plaintiff's Emergency Motion For Order Of Protection**; upon: Dan Howard, P.O. Box 440250, Somerville, MA  02114, Steven Kasten, Esq. McDermott, Will & Emery, 28 State Street, Boston, MA 02109, Pamela Berman, Esq., Adler, Pollock & Sheehan, 12th Floor 175 Federal Street, Boston, MA 02110 and Alice C. Hou, Hughes, Hubbard & Reed, LLP, 1775 I Street, N.W., Washington, DC  20006-2401.

_____
David C. Grossack, Esquire
Post Office Box 90
Hull, Massachusetts  02045
(781) 261-9990
BBO # 212890