IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWARD, PRO-SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 04CV11900NG |
| | ) |
| HD VEST FINANCIAL SERVICES, | ) Hon. Robert B. Collings |
| STUART K. JUCKETT, | ) |
| NATIONAL ASSOCIATION OF | ) |
| SECURITIES DEALERS, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OF DEFENDANT NASD, INC. IN OPPOSITION TO PLAINTIFF'S "EMERGENCY MOTION FOR ORDER OF PROTECTION"

Defendant National Association of Securities Dealers, Inc. ("NASD") submits this Memorandum in Opposition to Plaintiff's Emergency Motion for Order of Protection from Defendant Stuart Juckett and the NASD, filed December 29, 2004.

SUMMARY OF ARGUMENT

Plaintiff's so called "Emergency Motion" should be denied.[1] First, the Motion presents nothing new—it merely reprises the complaint, and asks for the same monetary and non-monetary relief.

Second, to the extent that the motion can be interpreted as a motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65, plaintiff does not meet the requirements for injunctive relief.

Plaintiff has not alleged and cannot show that he will suffer irreparable harm if the requested relief—shutting down NASD's national electronic database for securities industry registration, the CRD system and paying plaintiff damages of $10,000,000— is

---

[1] On the third page of plaintiff's "Motion," plaintiff asserts that counsel for the NASD has "no standing to reply to this motion." This is an odd assertion, since the title and body of the Motion state that plaintiff is seeking both injunctive and substantial monetary relief against NASD.

denied. The injunctive relief that plaintiff requests involves public access to his records on BrokerCheck—the publicly available section of NASD's CRD securities industry registration database. Plaintiff's registration information was deleted from the BrokerCheck portion of the CRD database available to the public in September 2004, because plaintiff was out of the securities industry for more than two years. The status quo is that plaintiff's registration information is not publicly available, and continuing the status quo will not cause plaintiff any harm, irreparable or otherwise.

Moreover, plaintiff will not prevail on the merits of his claim for the reasons set forth in NASD's Motion to Dismiss Complaint, which is pending before this Court. This latest "Motion" is nothing more than an impermissible attempt to obtain what plaintiff seeks in the complaint, without the convenience of obtaining a judicial determination of liability. It should be denied.

PROCEDURAL HISTORY

Plaintiff served defendant NASD with the Complaint on September 14, 2004. On October 4, 2004, NASD electronically filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). On October 8, 2004, plaintiff filed a Motion for Default Judgment against NASD, alleging, totally without basis, that NASD's Motion to Dismiss was untimely filed. On October 15, 2004, plaintiff filed an opposition brief to NASD's Motion to Dismiss. This Court denied plaintiff's Motions for Default against NASD (and against defendant H.D. Vest) on November 4, 2004.

On November 10, 2004, plaintiff filed an interlocutory appeal of this Court's denial of his Motion for Default Judgment in the U.S. Court of Appeals for the First Circuit. On November 24, 2004, the First Circuit ordered plaintiff to either dismiss his appeal or show cause on or before December 8, 2004 why his appeal should not be

dismissed for lack of jurisdiction. When plaintiff failed to respond to the order to show cause, the First Circuit dismissed the appeal on December 21, 2004. Plaintiff followed with the instant "Emergency Motion" just eight days later on December 29.

ARGUMENT

Plaintiff's Motion should be denied because it presents no "emergency," and it does not meet the requirements for temporary or preliminary injunctive relief.

> A.  The "Emergency Motion" Merely Reprises the Complaint

An even cursory review of plaintiff's "Emergency Motion" shows that it contains nothing that is not already in his (meritless) complaint. Plaintiff's motion recites the same story about the allegedly erroneous NASD disciplinary proceeding against him—a proceeding in which the NASD's involvement concluded in 2000, with the exception of appeals that were affirmed in 2002 (SEC) and 2003 (First Circuit). The motion also recites the same allegations regarding plaintiff's failed attempt to obtain employment with defendant H.D. Vest. Finally, the motion contains the same unsupported allegations of "stalking" by defendant Juckett, and asserts the same claim of negligence against NASD for allegedly permitting defendant Juckett to access plaintiff's securities registration record. The complaint asserts a single "count" of negligence against NASD, and seeks damages of $10,000,000, as well as injunctive relief requiring NASD to "shut down" the Central Registration Depository database that it is required by federal law to maintain.

As with the complaint, nothing in plaintiff's "Emergency Motion" presents any evidence of "stalking," or of any use by defendant Juckett of the NASD CRD database to discover information about plaintiff, now or in the past. The allegations in the Motion and the attached documents date back to the 1990s. The only "new" statement in

3

plaintiff's motion is his allegation regarding a statement allegedly made by defendant Juckett's attorney to plaintiff in November 2004. Even if plaintiff's description of this statement is accurate, it is clear that it does not relate in any way to NASD or to NASD's securities registration database.

NASD and the other defendants have pending motions to dismiss plaintiff's complaint. The "Emergency Motion" is not a true motion, and does not present any emergency situation that compels this Court to abandon the orderly resolution of this lawsuit.

B. <u>Plaintiff is Not Entitled to Injunctive Relief</u>

Even if plaintiff's "Emergency Motion" can be interpreted as a request for temporary restraining order, plaintiff is not entitled to this relief because he does not meet the standards for obtaining injunctive relief. See, *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F. 2d 1006, 1009 (1st Cir. 1981).

First, plaintiff cannot show irreparable harm in the requested relief is not granted. Plaintiff requests that NASD's CRD database be shut down, and that defendant Juckett be barred from access to CRD, presumably so that Mr. Juckett cannot use CRD to obtain information about plaintiff. However, neither Mr. Juckett nor any other member of the public can obtain information about plaintiff from the CRD database, because all information about plaintiff's registration was deleted from the publicly disclosed portion of the CRD database as of September 23, 2004. See p. 8 of NASD's Memorandum of Law in Support of Motion to Dismiss Complaint. The NASD's Public Disclosure Program, approved by the SEC at SEC Release No. 34-42402, 65 F.R. 7582 (Feb. 15, 2000), provides that the NASD Public Disclosure Program, now known as BrokerCheck, contains information about securities brokers who are currently registered in the industry,

4

<u>or who have been registered within the last two years</u>. Plaintiff has not been registered in the industry since September 22, 2002, the date that his two-year license suspension began, and no information has been available to members of the public about Mr. Howard since that date.

In addition, plaintiff is not entitled to injunctive relief because he will not prevail on the merits of his claims, for the reasons set forth in NASD's Motion to Dismiss Complaint and the Memorandum of Law in support thereof. Briefly stated, plaintiff's complaint must be dismissed because his claims are barred by *res judicata*, by the absence of a private right of action against NASD under the Exchange Act for its actions or omissions thereunder, and by NASD's immunity for its regulatory actions.

While the complaint does not mention constitutional claims, the "Emergency Motion" does allege on page 2 that NASD's actions present "an uncured constitutional question." It is well-settled that NASD is not a state actor, a perquisite for a constitutional claim. See, *D. L. Cromwell Investments, Inc. v. National Ass'n of Securities Dealers, Inc.*, 279 F.3d 155, 162 (2d Cir.), *cert denied*, 537 U.S. 1028 (2002); *Desiderio v. National Ass'n of Securities Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069 (2001).

In sum, plaintiff is not entitled to injunctive relief because he cannot show irreparable harm, and has no likelihood of prevailing on the merits of his complaint. Moreover, the balance of hardships would weigh decidedly in favor of NASD and against plaintiff if NASD were required to shut down the entire CRD system during the pendency of this litigation, especially since plaintiff's registration information is and has been unavailable in the Public Disclosure portion of the system since September 2004. This

"Emergency Motion" is just another attempt by plaintiff to avoid consideration of the merits of his claims and likely dismissal.

CONCLUSION

For the foregoing reasons, defendant National Association of Securities Dealers, Inc. requests this Court to deny plaintiff's "Emergency Motion."

Dated: January 19, 2005

Respectfully submitted,

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

/s/Pamela E. Berman
Pamela E. Berman (BBO#551806)
Adler Pollock & Sheehan, P.C.
175 Federal Street
Boston, MA 02110
Telephone (617) 603-0552
Telecopier (617) 482-0604
pberman@apslaw.com

OF COUNSEL

Terri L. Reicher, Pro Hac Vice
Associate General Counsel
National Association of
Securities Dealers, Inc.
1735 K Street, N.W.
Washington, D.C. 20006
Telephone (202) 728-8967
Telecopier (202) 728-8894
Terri.Reicher@nasd.com

*321423_1*

6