UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. 04 CV 11900 NG

DAN HOWARD
    Plaintiff

vs.

STUART JUCKETT, ET AL
    Defendants

DEFENDANT STUART JUCKETT'S
MOTION FOR SANCTIONS
PURSUANT TO RULE 11 F.R.C.P.

Now comes the defendant Stuart Juckett by counsel and moves that the plaintiff be sanctioned for violations of Rule 11 of the Federal Rules of Civil Procedure as described in the accompanying briefs and affidavit.

Defendant Stuart Juckett prays this court declare the plaintiff a vexatious litigant, place restrictions on any new actions filed by him, and award the defendant the entire costs of his defense in the above captioned proceeding for good reason as stated in the accompanying brief and affidavit.

**FACTUAL SYNOPSIS**

This suit was brought by plaintiff Dan Howard against Stuart Juckett seeking $5 million for interference with contractual rights, for violations of the United States Civil Rights act, and for violations of numerous Massachusetts statutes M.G.L. ch. 265, section 37, G.L. ch. 265 section 2, M.G.L. Ch. 12, section 11 I (Massachusetts Civil Rights Act) and M.G.L. ch. 275 section . All the statutes are criminal except ch. 12, section 11 I.

The defendant, the stepson of a former customer of the plaintiff, (now a suspended

securities broker) brought complaints against the plaintiff for mishandling of his stepfather's securities account.

The plaintiff was ultimately suspended and fined by National Association of Securities Dealers and the suspension was upheld by the Securities and Exchange Commission and the United States Court of Appeals for the first Circuit. (See Ex. 1)

In the first circuit case, the court noted that Howard's U-4, (a brokers registration statement) contained a falsehood which was not amended when he had been instructed to do so.

The First Circuit also noted that Howard had made unsubstantiated claims of racial discrimination and unsubstantiated claims that an NASD attorney had made disparaging remarks concerning his ethnicity. (See Ex. 2)

Against this background, Howard has sued Stuart Juckett not only on this occasion, but in Fairfax County, Virginia, for "slander, libel and conspiracy to commit bank fraud." (Ex. 3) Needless to say, Mr. Howard did not prevail in this action.

Mr. Howard also sued Juckett in Small Claims in the Cambridge District Court in Cambridge, Massachusetts for bank fraud, libel and slander. (See Ex. 4) This matter was one in which Mr. Howard failed to prosecute, and also lost. The motive of spite, harassment, and torment of Mr. Juckett is obvious.

On or about September 12, 2004 the plaintiff sued the defendant Juckett, the NASD and the SEC, accusing the defendant Juckett of a plethora of criminal acts. The complaint was never served, but remains on PACER, tarnishing the defendant's reputation and defaming his character without any consequence to the plaintiff thus far. (See Ex. '5').

This brings us to the instant case in which Mr. Howard filed a 71 paragraph complaint against the defendant and two other parties claiming the defendant Juckett "stalked him" and interfered with his employment. Plaintiff also sought to enjoin the defendant from (a) contacting

any future employers and (b) accessing the NASD's public website.

Such extraordinary relief had no basis in law. There is no precedent cited by Howard which would bolster his argument that any act allegedly committed by a Juckett would warrant barring him from a website of the NASD.

Howard, on the other hand, has already been adjudicated <u>three times</u> (once by the NASD and twice on appeal) to have engaged in frivolous allegations concerning the NASD attorney who prosecuted him (Ex. 5), and of having abused the trust of an 85 year old man who had counted on his investment recommendation.

The instant case was doomed before it had been filed. It had no chance of success on the merits, as a quick reading of it would show. The complaint mixed criminal and civil theories of recovery and has pled no facts to show any reason why the plaintiff was entitled to any kind of monetary or equitable relief.

When a hearing was ultimately scheduled on the plaintiff's Motion to Default, the plaintiff did not even give the court or opposing counsel the respect or courtesy of notifying them, requiring Mr. Juckett to travel from Suffolk County, Long Island to a hearing on <u>his</u> motion, which he did not appear for. The emotional toll and financial losses to Mr. Juckett are considerable.

### ISSUE PRESENTED

Are Rule 11 sanctions appropriate in the instant case?

### ARGUMENT

Rule 11 (b) governs representatives to the court. It requires that:

    1. Pleadings not be presented for any improper purpose, such as to harass or to

cause unnecessary, needless increases in the cost of litigation.

2. The claims are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The correct way of preventing the plaintiff from continuing to bring action after action against the defendant is to have him declared a vexatious litigant and to subject him to monetary sanctions pursuant to Rule 11 M.R.C.P.

Sanctions may be imposed on a pro-se litigant. See Jemzura vs. Public Service Commission, 961 F. Supp 414-45 (WDNY, 1997) Williams vs. Revlon 156 FRO 39, 43-45 (S.D. NY, 1994).

> "The central purpose of Rule 11 is to deter baseless filings in district courts and thus streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 L. Ed. 2d 359, 110 S. Ct. 2447 ( 1990); see also* Advisory Committee Notes to the 1993 Amendments to FRCvP 11 ("the purpose of Rule 11 sanctions is to deter rather than to compensate"). Under the current version of FRCvP 11, the imposition of sanctions is discretionary and should be done "with caution." *Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994).* The Advisory Committee Notes accompanying the 1993 Amendments to FRCvP 11 include factors to be considered when determining whether sanctions are warranted, and if so, the type and degree of any sanction that should be imposed. These factors include:
>
>> "Whether the improper conduct was willful, or negligent; whether it was part of a pattern or activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case."
>
> If the court determines that sanctions should be imposed, FRCvP 11(c)(2) authorizes monetary and non-monetary sanctions. Because the primary purpose of FRCvP11 is to deter future misconduct rather than to compensate the aggrieved party, monetary sanctions are normally paid into the court as a penalty. *See* Advisory Committee Notes to the 1993 Amendments to FRCP 11. Non-monetary sanctions normally

come in the form of an injunction. *See, e.g., In re Martin-Trigona, 737 F.2d 1254, 1262-1263 (2d Cir. 1984).* In cases involving a "vexatious litigant" --*i.e.*, a litigant who has a history of filing frivolous, harassing lawsuits--, such injunctions normally limit the ability of the wrongdoer to initiate new lawsuits by requiring him to comply with certain conditions--such as obtaining leave of the court-- before filing a new action. *See ibid.* "The traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant. A history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Ibid.* (quoting *Matter of Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982), cert. denied, 459 U.S. 1206, 75 L. Ed. 2d 439, 103 S. Ct. 1195 (1983).* Judge Skretny imposed injunctive sanctions on Jones in *Jones v. City of Buffalo, 867 F. Supp. 1155 (W.D.N.Y. 1994)* ("*Jones v. Buffalo*). Regardless of whether the district court elects to utilize monetary sanctions, non-monetary sanctions or both, the sanction should be carefully tailored, based on the particular facts of the court, to deter repetition of the wrongful conduct. *See* FRCvP 11 (c)(2) "([a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct"); *Williams,* at 44 ("Rule 11 sanctions must be tailored to the particular facts of the particular case").

This court should find that declaration of Howard as a vexatious litigant is warranted due to his history of filing frivolous, duplicative, abusive lawsuits in a manner that reflects complete disregard for the legal system and opposing counsel. ( See Walter Jones v. City of Buffalo, Et Al (1998 US Dist. Lexis 6070). His baseless allegations against an NASD attorney, his failure to call or notify the Court or Counsel about his not appearing at the default hearing, and his causing his opponent to travel fro New York to the hearing are all justification for the declaration as vexatious litigant and also for imposing legal fees. *Jones v. Buffalo, ibid.*

Wherefore, defendant prays this Court declare the plaintiff a vexatious litigant and award defendant Stuart Juckett legal fees in an amount to be determined.

Respectfully submitted,

David C. Grossack
1320 Centre St. Suite 103

                                        Newton, MA 02459
                                        (617) 965-9300
                                        BBO # 212890

SJ005
DCG:ls