# United States District Court
# District of Massachusetts

DAN HOWARD,
    Plaintiff,

    V.                                              CIVIL ACTION NO. 04-11900-NG

HD VEST FINANCIAL SERVICES,
STUART K. JUCKETT,
NATIONAL ASSOCIATION OF
    SECURITIES DEALERS,
    Defendants.

## REPORT AND RECOMMENDATION RE: PLAINTIFF'S CLAIMS AGAINST DEFENDANT STUART K. JUCKETT

COLLINGS, U.S.M.J.

    The above-styled case was referred for full case management on October 27, 2004. Pending at the time of referral was plaintiff's Motion for Entry of Default as to Stuart Juckett (#30). As part of the Order of Reference (#31), it was the undersigned's duty to decide that motion, among others.

    The papers revealed that plaintiff claimed that defendant Juckett was

served at his home at 15 Alexis Court, Amagansett, New York on September 25, 2004. An Affidavit of Service was filed by the person making service, one Corey Guskin. Defendant Juckett signed a document under penalties of perjury asserting that although he did reside at 15 Alexis Court, Amagansett, New York, he had never been served.

A hearing was originally scheduled for November 15, 2004. *See* #36. In the notice, the Court stated that it would hear testimony both from Mr. Guskin and defendant Juckett. *Id.* Plaintiff filed a motion for continuance, which was allowed. The hearing was continued to December 17, 2004. In the Order on Plaintiff's Motion for Continuance, Etc. entered on November 12, 2004, the Court wrote the following in a footnote:

> In lieu of having this hearing and litigating this issue, the plaintiff and counsel for defendant Juckett can enter into a stipulation where the plaintiff withdraws his motion for default and defendant Juckett waives any alleged defects in the service of process. If such an agreement is reached, plaintiff's counsel and counsel for defendant Juckett shall file a stipulation to that effect with the Court and jointly notify the Court that the December 17th hearing is unnecessary.

The Court further continued the hearing to January 20, 2005. The same footnote was repeated in the Amended Order, Etc. (#48).

Due to scheduling difficulties, the evidentiary hearing was not held on January 20, 2005, and neither Mr. Guskin nor defendant Juckett were required to be present on that date. However, the Court held a status conference on January 20, 2005. At the conference, plaintiff averred that he wished to proceed with the motion for default. The Court pointed out that if defendant Juckett had been served on September 25, 2004, his initial pleadings filed in the case were on November 1 and 9, 2004 and that the pleadings were not filed substantially beyond the twenty (20) days allowed for filing after service. The Court further noted that in these circumstances, even if a default were entered, a motion to lift the default would probably be allowed. Nevertheless plaintiff insisted on proceeding to an adjudication on the motion for default.

The Court scheduled an evidentiary hearing for February 24, 2005. At the January 20th hearing, the Court informed the plaintiff that he must have Mr. Guskin present at the hearing and informed defendant Juckett's counsel that he must have defendant Juckett at the hearing.

Because both Mr. Guskin and defendant Juckett had to travel to Boston from out of state, the Court required certain confirmations. It required the plaintiff to confirm in writing by January 27, 2005 that Mr. Guskin would indeed be present. Similarly, the Court required defendant Juckett's attorney

3

to confirm in writing by January 27, 2005 that defendant Juckett would be present at the hearing. Confirmations were received from the plaintiff and defendant Juckett's counsel. *See* ##56 and 57.

On February 22, 2005, the plaintiff filed a notice of appeal of the decision to hold the evidentiary hearing and a motion for a stay of proceedings (#58). The undersigned denied the motion to stay on February 22, 2005.

On February 24, 2005, the plaintiff, with no advance notice to the Court, failed to appear. Mr. Guskin did not appear. Accordingly, the Court denied the plaintiff's Motion for Entry of Default as to Stuart Juckett (#30) for failure to prosecute.

Due to the egregiousness of plaintiff's conduct, I RECOMMEND that all of plaintiff's claims against defendant Stuart K. Juckett be DISMISSED for plaintiff's failure to appear on February 24, 2005 . Plaintiff's failure to appear was a wilful act designed not only to waste the Court's time but also to harass defendant Juckett. Plaintiff had confirmed that the date of February 24, 2005 was a convenient date for the hearing and that his witness, Mr. Guskin, would be there. Plaintiff knew that defendant Juckett was coming from out of state, and with this knowledge, plaintiff gave no notice whatsoever that he was not

going to appear at the hearing.  By his actions, he has forfeited his right to pursue these claims.

In these circumstances, I RECOMMEND that Defendant Juckett's Motion to Dismiss (#37) pursuant to Rule 12(b)(6), Fed. R. Civ. P., be DENIED as moot.

Further, defendant Juckett expended money to come to Boston for the February 24, 2005 hearing. *See* #71.  I RECOMMEND that the plaintiff be ORDERED to pay to defendant Juckett the sum of one thousand twenty dollars and fifteen cents ($1,020.15)[1] as compensation for the reasonable costs incurred in defendant Juckett making the trip from Amagansett, New York to Boston.

Further, since Defendant Stuart Juckett's Motion for Sanctions Pursuant to Rule 11, F. R. C. P. [sic] (#62), has not been opposed by the plaintiff, I RECOMMEND that the plaintiff be ORDERED to pay to defendant Juckett the sum of five thousand dollars ($5,000)[2] in reasonable attorney's fees incurred in

---

[1] I assume that the fact that defendant Juckett brought his wife and required two rooms at a hotel is based on convenience, not necessity.  Accordingly, I have awarded him only one-half of the hotel expenses claimed.

[2] Defendant's attorney requested $8,500.  I reduced the amount to $5,000 in view of defendant's attorney's admitted failure to keep contemporaneous time records.

defending the instant case.

## *Summary of Recommendations*

Thus, I RECOMMEND that(1) JUDGMENT enter dismissing the plaintiff's claims against defendant Juckett for the reasons stated, *supra,* that (2) JUDGMENT enter against the plaintiff in favor of defendant Juckett in the amount of six thousand twenty dollars and fifteen cents ($6,020.15), and that (3) defendant Juckett's Motion to Dismiss (#37) be DENIED as moot.

## *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P. any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d

4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

June 2, 2005.