UNITED STATES DISTRICT COURT
CIVIL DOCKET NO.

~~03cv11758RWZ~~

04-11900

DOCKETED

| | |
|---|---|
| DAN HOWARD, </br> Plaintiff </br> </br> v. </br> </br> STUART JUCKETT, ET AL. </br> Defendant | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | **DEFENDANT JUCKETT'S** </br> **MOTION FOR FURTHER** </br> **SANCTIONS PURSUANT TO** </br> **RULE 11 FRCP** |

## INTRODUCTION

This motion is necessitated by the plaintiff's filing of a pleading encaptioned by the plaintiff as an "answer to the Report Recommendations of Magistrate Robert B. Collings."

The pleading attaches exhibits and letters concerning defendant Juckett's counsel's political and business activities and refers to him and his client as "bigots" and "white supremacists."

Plaintiff includes in his pleading letters he has apparently sent to leaders of the Anti-Defamation League of B'nai Bath, a Jewish community relations organization, deeming counsel and his client as white supremacists, attributing illegal fund raising activities to them, and implying they sympathize with Adolf Hitler.

This was all apparently intended to be sent throughout PACER and used to defame counsel and Mr. Juckett.

Plaintiff also included Internet pages which refer to counsel's political activities and opinions and seek to interject irrelevant and scurrilous distortions into his legal arguments.

Counsel's political endearing and opinions have absolutely no relation to this case, and apparently were inserted by the plaintiff in the hopes of diverting attention to him.

In any event, it was an obvious misuse of the right to file pleadings and the use of the terms "bigot" and "white supremacist" is especially offensive and upsetting.

Plaintiff's reckless and irresponsible ad hominum attacks and interjections of irrelevant issues are abuse are now a matter or public record.

## ISSUES PRESENTED

Are further sanctions appropriate in the above circumstances?

## ARGUMENT

Plaintiff has already been sanctioned for abusing the court system in this case at the expense of the defendant. A lengthy record of past abusive cases, frivolous assertions and bad faith filing has already been before the court.

A remedial measure to deter further bad faith filings and abuse of parties and counsel is clearly needed in a sum which will "get the plaintiff's attention".

Fed. R. Civ. P.11 provides in relevant part that a party's signature on a pleading constitutes a certification that the signer has read the pleading and that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose.

One can only wonder what purpose the plaintiff had in mind when he decided to call the defendant and counsel bigots?

One can only assume from the plaintiff's conduct that he meant to harass.

When determining whether there has been a Rule 11 violation the court looks to whether the party's conduct was objectionably reasonable under the circumstances. Where the court finds a violation of Rule 11, most impose sanctions. Bush v. Zeeland Board of Education 1997 US Dist. Lexis 3393.

In the instant case, the Rule 11 violation is obvious.

The remedy should, in this case, include both a monetary consideration and a reconsideration to have the plaintiff declared a vexations litigant as spelled out in the previous motion.

Defendants have had to repeatedly deal with the absurd allegations, name calling, and frivolous arguments advanced by Howard in this and other cases.

There is no obligation on the part of the Court to a party who will abuse the process over and over again.

Moreover, the conduct in using the Court to vent against counsel, and his client and to disseminate personal attacks requires a response by this Court. The Court's files, as a plea public record, are now being used as a place where the plaintiff can file his defemating and scrupulous attacks until this Court sends him a stern message that it is inappropriate behavior.

  Such a message should be in the form of monetary sanction strong enough that the plaintiff will be determined by it.

           Stuart Juckett,
           by his attorney,

           David C. Grossack
           Suite 103
           1320 Centre St.
           Newton, MA 02459
           (617) 965- 9300
           BBO# 212890

## CERTIFICATE OF SERVICE

I, David C. Grossack, hereby certify that on this 30th day of June, 2005, I sent a copy of the within Motion for Further Sanctions and Supporting Memorandum to all interested parties.

David C. Grossack, Esquire
1320 Centre Street, Suite 103
Newton, Massachusetts 02459
BBO # 212890
Telephone: (617) 965-9300
June 22, 2005