UNITED STATES COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dan Howard, Pro-Se, | Case No.: 1:04-cv-11900 |
| Plaintiff | |
| vs. | Plaintiff Pro-Se Dan Howard's Notice of Appeal to the United States Court of Appeals. Motion for 60(b) Hearing. |
| Stuart Juckett | |
| HD Vest Financial Services, | Honorable Nancy Guertner. |
| National Association of Securities Dealers, | |
| Defendants | |

      The Plaintiff, Pro-se, Dan Howard ("Howard") hereby appeals the order of this Court, dated August 17, 2005, regarding Attorney's Fees and Costs. In order to preserve his right of Appeal, Plaintiff Howard also appeals any additional orders that he may not have been noticed about in writing. The decision is contrary to the facts of this case, a gross injustice, and unacceptable. Further, the Order of this Court is in direct conflict with Massachusetts State Law regarding the funding of Hate Groups. Further, Juckett failed to answer the original complaint in a timely manner. Further, Magistrate Collings held an "evidentiary hearing" despite the fact that the entire case was then on appeal. Further, the defendant NASD provided all documents regarding Juckett's stalking. Therefore, any sanctions should fall upon them. Further, Defendant Juckett's

[Summary of pleading] - 1

1  attorney, David Grossack, failed to notice the Court that his legal website
2  features an Adolph Hitler coloring book for children. Mr. Grossack also
3  failed to notice this court that his license was suspended by the State of
4  Massachusetts. Attorney Grossack's use of Hitler as a role model is relevant
5  because Plaintiff Howard, an Hispanic, is being stalked by Defendant Juckett
6  because of his race and class. This is an issue that should be the subject of
7  inquiry by this Honorable Court. Defendant Juckett stalked Howard to his
8  employer HD Vest. HD Vest had hired Howard and then claimed they "terminated"
9  his written and verbal employment contract as a result of Juckett's threats.
10 Howard lost $500,000 in business as a result. Further, HD Vest sold Howard a
11 "Registered Representative" number and cashed his check.HD Vest agreed, in
12 writing and verbally, to "Hang" Howard's license in return for said payment.
13 They then cashed his check.  HD Vest has refused Howard's demands for the
14 return of his "U-5" document. Mr. Grossack is the "Massachusetts Attorney of
15 the Year", and his website features numerous displays regarding "The Fuehrer"
16 and "The Fatherland". Adolph Hitler led Germany from 1933 until his suicide
17 in April 1945. He is almost universally condemned as a war criminal. The
18 foregoing appeal is made pursuant to the **All Writs Act, 28 U.S.C. ss1651** (a).
19 Defendant's attorney, David Grossack ("Grossack"), withheld from this
20 Honorable Court that his License was revoked by the State of Massachusetts on
21 11/14/94. A "David Grossack" operated a Corporation named U.S. Card
22 Investors, Inc.  The State of Massachusetts has documented that "David
23 Grossack" and Attorney David Grossack are one and the same man. Based upon
24 information and belief, his license was revoked for defrauding his investors,
25 and the sale of Nazi and Hate Group related items to children. The date of
   registration in Massachusetts was 2/19/91. The ID# was 870434290 and the

[Summary of pleading] - 2

1 place of business was 59 Temple Place, Room 408, Boston, MA. 02111. His
2 license was revoked 11/14/94. Grossack's false statements that he was an
3 attorney in good standing for defendant Stuart Juckett worked a fraud upon
4 the Court and defeated Mr. Howard's right to due process. In point of fact,
5 Grossack had no standing to enter pleas on behalf of Juckett. The continuing
6 nature of the fraud prevented Mr. Howard from introducing evidence regarding
7 the defendant's guilt. The only remedy is for the Court to dismiss all
8 motions and pleadings of the defendants.

9  During the entire pre-trial process, including motions, Grossack provided
10 no indication to the Court or Plaintiff Howard, Pro-se, that Grossack's
11 license had been involuntarily revoked by the State of Massachusetts. During
12 pre-trial proceedings, Howard Pro-se was persistent in his effort to contact
13 Grossack to obtain discovery documents. Phone calls were not answered and
14 pleadings were unanswered. Further, Grossack could have updated his "notice
15 of good standing" electronically at the touch of a computer button. In
16 response, the Court heard silence from Mr. Grossack. Grossack's
17 representations to the Court regarding his suspension were consistent and
18 unequivocal, and now we know, untrue.

19  The circumstances leading to Mr. Grossack's misrepresentations should be
20 the subject of inquiry by this Court.

21
22      **THE LEGAL BASIS FOR MR. HOWARD'S, PRO-SE, INTERLOCUTORY APPEAL TO**
23 **DISMISS DEFENDANTS MOTIONS AND PLEADINGS IN TOTAL.**
24
25

[Summary of pleading] - 3

**A. The Power to Dismiss or Stay the Motions and Proceedings of a Lower Court is appropriately exercised in the Circumstances Presented.**

Under the All Writs Act, the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages of law." 28 U.S.C. ss1651. As the Supreme Court has explained, "The All Writs Act invests a court with the power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S., 526 U.S. 529,537 (1999).

**B. A Rule 60(b) "Fraud on the Court" Proceeding Provides a Remedy for Mr. Howard, Pro-Se, in the Circumstances of His Case.**

Mr. Howard does not yet have access to all the documents and facts withheld from the Court by Mr. Grossack that bear upon Howard's ability to show elements of a "fraud upon the Court." *Calderon v. Thompson*, 523 U.S. 538, 557 (1998). The reason he does not have access to all these facts and documents is that, as we have shown herein, Mr. Grossack has not yet told the truth about why he failed to notify this Court of his license revocation. The failure to comply with a constitutional command is not excused by any inconvenience, expense, annoyance, or delay.

Accordingly, Mr. Howard, Pro-Se, has no option but to ask this honorable Court to dismiss all pleadings and motions of the defendants "in aid" of its jurisdiction, 28 U.S.C. ss1651, to entertain the **Rule 60(b)** "fraud on the court" proceeding. There can be no question in these circumstances that this honorable Court has "the authority, from the necessity of the case, to make

[Summary of pleading] - 4

1  orders to preserve the existing conditions and the subject matter of the
2  (impending Rule 60 (b) motion)." *United States v. Shipp*, 203 U.S. 563,573
3  (1906).
4      Rule 60(b) of the Federal Rules of Civil Procedure permits a party to a
5  civil proceeding to obtain relief due to, among other reasons, "fraud
6  (whether heretofore denominated intrinsic or extrinsic), misrepresentation,
7  or other misconduct of an adverse party…" Fed R. Civ.P. 60(b)(3). One of the
8  bases for such an action is that the decisions of the lower court was
9  produced by a "fraud upon the Court." The leading case in this area, *Hazel-*
10 *Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), explained that
11 when a judgment has been obtained by fraud, the need for equity to be served
12 overcomes the competing need for finality:
13              [A] From the beginning there has existed along side
14 the term rule a rule of equity to the effect that under certain
15 circumstances, on of which is after-discovered fraud, relief will be granted
16 against judgments regardless of the term of their entry.
17 *Id at 251* (citations omitted).
18     The Court emphasized, "This is not simply a case of a judgment obtained
19 with the aid of a witness who, on the basis of after-discovered evidence, is
20 believed to have been guilty of perjury. **Here…we find a deliberately planned**
21 **and carefully executed scheme to defraud not only the Patent Office but the**
22 **Circuit Court of Appeals." Id at 245 (emphasis supplied).**
23     As the Tenth Circuit has explained in Robinson v. Audi
24 Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995), "whatever else it
25 embodies, [fraud on the Court] requires that one has acted with an intent to

1  deceive or defraud the Court." Mr. Grossack's fraud continues to this very
2  day. The court has not heard from him in months.
3      Plaintiff is Pro-Se.  Defendants have a total of 3 different law firms
4  and six lawyers. Further, Plaintiff's application to file electronically has
5  been denied. Plaintiff believes this denial is based on Race and Class. This
6  is a separate uncured constitutional question regarding equal access to the
7  courts. Mr. Howard is filing an Appeal to the U.S. Supreme Court regarding
8  the Constitutionality of Electronic Filing. Mr. Howard's constitutional right
9  to due process has been irrevocably prejudiced by this denial and Mr.
10 Grossack's fraud.
11     Rather than answer for their own proven and admitted stalking of
12 Plaintiff Howard, defendants would like to put the Plaintiff on trial. No
13 one, much less, defendant Juckett, a stalker identified by fellow defendant
14 NASD, is entitled to use the federal courts to advance his own agenda of
15 stalking Plaintiff, his family, his business associates, his family attorney,
16 and the U. S. Department of Justice.
17     Mr. Howard, Pro-Se, prays this honorable Court for an order dismissing
18 all pleadings and motions of defendants due to fraud on the Court, and
19 requests that the Court enter a further order requiring a Rule 60 (b) Hearing
20 and that all proceedings be stayed pending said Hearing.
21              Respectfully submitted this 8th Day of September, 2005.
22
23
24 Dan Howard, PRO-SE
25

The Appellant-Plaintiff, PRO-SE

[**Summary of pleading**] - 6

1

2  PO Box 440250

3

4  Somerville, Ma. 02144

5

6  617-529-8886

7

8

9

10     I hereby certify that I have served a copy of the above and foregoing

11  Notice to the following:

12                    Adler, Pollock and Sheehan

13                    175 Federal Street

14                    Boston, Ma. 02110-2890

15

16                    Attorney David Grossack

17                    1320 Centre Street Suite 103

18                    Newton Centre, MA. 02459

19

20                    McDermott, Will and Emery

21                    28 State Street

22                    Boston, MA. 02109

23

24

25

[**Summary of pleading**] - 7