MANDATE

USDC / MA
04-11900
Gertner, N.

# United States Court of Appeals
## For the First Circuit

---

No. 05-2421

DAN HOWARD,

Plaintiff, Appellant,

v.

HD VEST FINANCIAL SERVICES, ET AL.,

Defendants, Appellees.

---

Before

Boudin, <u>Chief Judge</u>,
Torruella and Lipez, <u>Circuit Judges</u>.

---

JUDGMENT

Entered: February 8, 2006

Plaintiff-appellant Dan Howard appeals from the district court's dismissal of his claims. Specifically, appellant argues that the district court erred in its decision to hold an evidentiary hearing rather than automatically grant his motion for a default judgment against defendant-appellee Stuart K. Juckett. Presented with a motion pursuant to Fed. R. Civ. P. 55, the district court is required to exercise discretion in determining whether to enter a default judgment. <u>See</u> 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, <u>Federal Practice and Procedure</u> §2685 (3d ed. 1998). Contrary to his contention, plaintiff-appellant was not entitled to a default judgment as of right. <u>See id.</u> It was well within the district court's discretion to hold an evidentiary hearing on the motion for default judgment. <u>See id.</u>, § 2688.

The second argument that appellant pursues in his brief is

that the district court erred in granting defendant-appellee Juckett's Fed. R. Civ. P. 11 motion for an award of attorney's fees as a sanction for Howard's "vexatious" conduct. We review such an award of attorney's fees for abuse of discretion. <u>Mullane</u> v. <u>Chambers</u>, 333 F.3d 322, 338 (1st Cir. 2003). The district court gave the following detailed explanation of appellant's conduct:

> Plaintiff's failure to appear was a wilful act designed not only to waste the Court's time but also to harass defendant Juckett. Plaintiff had confirmed that the date of February 24, 2005 was a convenient date for the hearing and that his witness, Mr. Guskin, could be there. Plaintiff knew that defendant Juckett was coming from out of state, and with this knowledge, plaintiff gave no notice whatsoever that he was not going to appear at the hearing.

That statement satisfies our requirement that the "district court 'describe the bad faith conduct with "sufficient specificity," accompanied by a "detailed explanation of the reasons justifying the award."'" <u>Mullane</u>, 333 F.3d at 338. Plaintiff-appellant's "'extreme conduct,' which by definition entails the knowing disobedience of a court order," also justified the district court's dismissal of the claims against Juckett. <u>Rivera Diaz</u> v. <u>American Airlines, Inc.</u>, 433 F.3d 120, 123 (1st Cir. 2005). There was no abuse of discretion.

The district court's dismissal of plaintiff-appellant's claims is <u>affirmed</u>.[1] Appellee Juckett's motion to dismiss is <u>denied as moot</u>.

By the Court:

Richard Cushing Donovan, Clerk.

**JULIE GREGG**

By: _____
Operations Manager.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_____
Deputy Clerk

Date: 3/2/6

---

[1] With respect to other issues raised in appellant's brief, relief is denied on the ground that the issues are frivolous and/or not properly before the court. And the issues "averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal." <u>Grella</u> v. <u>Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 36 (1st Cir. 1994).

[cc: Dan Howard, Joel Grer, Esq., David Grossack, Esq., Terri Reicher, Esq., Pamela Berman, Esq.]