UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. 04 CV 11900 NG

|  |  |
|---|---|
| DAN HOWARD, <br> Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| STUART JUCKETT, ET. AL., <br> Defendants | ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT STUART JUCKETT'S RENEWED MOTION FOR SANCTIONS**
**PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant, Stuart Juckett, hereby moves that Plaintiff, Dan Howard, be sanctioned for violations of Rule 11 of the Federal Rules of Civil Procedure. Defendant requests that Plaintiff be declared a vexatious litigant and that this Court place restrictions on Defendant's ability to file future actions against Defendant.

**I.    FACTUAL BACKGROUND**

Plaintiffs lengthy history of filing frivolous, harassing and ultimately unsuccessful law suits in Massachusetts and elsewhere against the Defendant is set out in detail in the Factual Synopsis of Defendants March 4, 2005 Motion for Sanctions Pursuant to Rule 11 F.R.C.P. **(See Exhibit 1)**. Plaintiff has repeatedly abused the court system by filing baseless complaints against the Defendant for the purpose of harassing the Defendant and causing serious damage to his reputation. In particular, Plaintiff has used the PACER online filing system to amass a public record of his false and damaging allegations against the Defendant, causing emotional distress and serious financial loss to the Defendant. **(See Affidavit of Stuart Juckett)**

1

The centerpiece of the instant case is a rambling seventy-one paragraph complaint which refers to the Defendant as a "stalker" and fails to plead any facts or show any reason why the Plaintiff is entitled to any kind of monetary or equitable relief. In response to Plaintiffs failure to appear at a February 24, 2005 evidentiary hearing, United States Magistrate Judge Robert B. Collings entered an order against Plaintiff in favor of the Defendant in the amount of six thousand twenty dollars and fifteen cents ($6,020.15). To date, Plaintiff has failed to comply with this order and continues to file baseless and harassing litigation against the Defendant. Most recently, Plaintiff filed his Notice of Appeal to the United States Supreme Court with the United States Court of Appeals for the First Circuit. The issuance of monetary sanctions against the Plaintiff has failed to deter him from continuing to harass the Defendant and abuse the judicial process. The issuance of an Order declaring the Plaintiff to be a vexatious litigant and requiring his future filings to be screened by the Court is therefore appropriate.

## II. RULE 11 SANCTIONS ARE APPROPRIATE IN THIS CASE

The Federal Rules of Civil Procedure provide that sanctions may be appropriate where a claim is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation", including any claim based on "allegations or other factual contentions [lacking] evidentiary support" or unlikely to have such support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(1),(3). As Rule 11 indicates, sanctions may be set at a level "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P.11(c)(2). One of the central purposes of Rule 11 is to protect parties and the Court from wasteful, frivolous, and harassing lawsuits, and the rule provides for sanctions as a deterrent to such abusive conduct. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir.1992). Proceeding *pro se* "is not a license not to comply with the relevant rules of procedural and substantive law". Eagle Eye Fishing Corp. v. Dept of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

Plaintiff Howards repeated filings against Defendant Juckett constitute a violation of Rule 11 and sanctions are an appropriate remedy. In his June 2, 2005 Report, United States Magistrate Judge Robert Collings remarked on the "egregiousness of [Howards] conduct"and stated that the Plaintiffs failure to appear "was a willful act designed not only to waste the courts time but also to harass defendant Juckett." As the Defendant attests in his Affidavit, this harassing litigation has caused severe damage to his professional reputation and required him to expend significant amounts of time and money defending these baseless allegations. Moreover, the Plaintiff has repeatedly abused this courts generous tolerance of his *pro se* filings by failing to comply with procedural and substantive rules of law. The Plaintiff is in violation of Rule 11 and sanctions sufficient to deter similar harassing conduct in the future are therefore appropriate.

### III. AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT IS APPROPRIATE AND WARRANTED AND WITHIN THE INHERENT POWER OF THIS COURT

In addition to the power to impose sanctions under Rule 11, a district court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through the issuance of orders or the imposition of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior". Jones v. Social Security Admin., 2004 WL 2915290 *4 (D.Mass.); see Chambers v. NASCO, Inc., 501 U.S. 32, 45-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999); Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993). A district court has the power to enjoin litigants who continually abuse the judicial system by filing groundless, vexatious litigation. Jones, 2004 WL 2915290 *4 (D. Mass); Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985)(per curiam) (holding that a district court has the power to enter an injunction "barring a party from filing and processing frivolous and vexatious lawsuits"). Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Intl v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995).

Repeated filings of factually and legally deficient complaints and motions are an abuse of the judicial process and the most effective means of achieving cessation of such conduct is through an order enjoining the vexatious party from making any additional findings without first obtaining leave of court. Jones, 2004 WL 2915290 *5 (issuing such an order against a party who had repeatedly attempted to bring new civil actions over the course of four years on the same facts and legal theories that had previously been dismissed by the same court and stating that the vexatious conduct was "the continuation of a deliberate pattern that has resulted in the expenditure by the Court of significant time and resources in processing and deciding. . . filings and pleadings, and by the affected defendants and other summonsed entities in responding as well.") A court confronted by sanctionable behavior should consider the purpose to be achieved by a given sanction and then craft a sanction adequate to serve that purpose. Id.. at *5. Where it can by shown that the party filing the frivolous actions is undeterred by an assessment of costs and fees, an order restricting the party's future filings is particularly appropriate. See Pandey v. Two Associate Justices of the Superior Court, 61 Mass. App. Ct. 1122, 2004 WL 1872741 *3; see also Town of Brookline v. Goldstein, 388 Mass. 443, 448 n.6 (1983).

Plaintiff's repeated frivolous filings constitute a pattern of abuse of the judicial process and an order restricting future filings is fitting. To date, Plaintiff Howard has failed to comply with United States Magistrate Judge Collings June 2, 2005 Order for monetary sanctions. Moreover, he has given no notice that he intends to comply with the Order at any point in the future, nor has the Order for sanctions discouraged his vexatious litigation. As recently as March 6, 2006, he filed a Notice of Appeal of Judgment to the United States Court of Appeals for the First Circuit declaring his intent to appeal to the United States Supreme Court. Defendant Juckett has been subjected to irreparable damage to his professional reputation, severe emotional distress and financial injury as a result of Plaintiff's unfettered abuse of the judicial system and repeated baseless allegations. This court has the power to enter an Order restricting Plaintiff from filing future frivolous actions against the Defendant and such an order is just and appropriate.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests this Court enter an Order declaring Plaintiff, Dan Howard, a vexatious litigant and place appropriate restrictions on Plaintiff's ability to file future actions against the Defendant.

Respectfully submitted,
Stuart Juckett

David C. Grossack, Esquire
1320 Centre Street, Suite 103
Newton, MA  02459
(617) 965-9300
BBO # 212890

Dated: May 12, 2006