## AFFIDAVIT OF STUART JUCKETT

I, Stuart Juckett, being deposed hereby do attest to the truthfulness of the following:

1. My name is Stuart Juckett. I reside at 15 Alexis Court, Amagansett, New York. I am one of the three defendants in this case.

2. The origin of this case dates back to 1995 when my stepfather (84 and legally blind) was a customer of the plaintiff, a registered securities representative in the Boston office H. J. Meyers. While preparing my stepfather's tax return in August 1996, I noticed that his H.J. Meyers brokerage account had been churned (excessive transactions made solely to generate commissions) and that his portfolio had been converted to unsuitable speculative securities.

3. With Power of Attorney from my stepfather, I negotiated a settlement with H.J. Meyers in December, 1996. The settlement contract paid my stepfather $45,000 and included covenants not to sue from H.J. Meyers and its employees.

4. In 1997, H.J. Meyers Boston branch was closed by the Massachusetts Securities Division for numerous rule violations. Shortly thereafter, H.J. Meyers closed all of its offices and ceased business operations.

5. My fall of 1996 complaint to the National Association of Securities Dealers Regulation (NASD-R) led to Mr. Howard's discipline, fine and suspension as a registered securities representative.

6. Mr. Howard appealed the disciplinary action of the NASD-R Boston District to the NASD-R Office of Hearing Officers then to the US Securities and Exchange Commission and finally to the US First Circuit. He did not prevail in any of these proceedings.

7. It is my understanding that Mr. Howard has not paid the $25,000 fine to the NASD-R nor

has he served his two year suspension without associating with any NASD-R member firm in any capacity.

8.   In violation of the terms of the December, 1996 settlement contract with his employer, Mr. Howard began filing civil actions against my stepfather and I and our bank in December, 1996. Over the past 10 years, Mr. Howard has filed six civil actions and ten appeals against my stepfather and me. Mr. Howard has not prevailed in any of these proceedings.

9.   In December, 1996, Howard sued my stepfather in East Hampton, New York alleging slander, libel and bank fraud. He lost and the Judge noted that the only possible reason for the civil action was harassment. Howard appealed to the Appellate Term of the New York Supreme Court but did not prevail.

10.  In January, 1997, Howard sued me in Fairfax County, Virginia alleging slander, libel, bank fraud and tortious interference with contract. He lost and appealed to the Fairfax County Circuit Court but did not prevail.

11.  In January, 1997, Howard sued our credit card company, MBNA Bank. He did not prevail but he permanently damaged our banking relationship.

12.  In May, 1997, Howard sued both my stepfather and me in Cambridge, Massachusetts. He did not prevail after failing to properly serve the parties.

13.  In September, 2003, Mr. Howard filed a civil action in US District Court against me, NASD-R and the US SEC. Howard's "civil" complaint is a series of false criminal allegations including stalking and extortion. This action was published in PACER but the parties were never served. It is still available on the internet for people and companies who routinely use PACER as a background check tool.

14.  In August, 2004, Mr. Howard filed the current civil action which contains many serious

allegations against me for which he has no basis in law or evidentiary support. Further, none of the allegations are true.

15. Since Mr. Howard's current litigation began, I have been attempting to secure the participation of a large firm as a partner for an international medical device development project.

16. After reaching an informal agreement with a major pharmaceutical firm, the firm contracted with a company to do due diligence on me before signing a contract. Without identifying what they found, the firm declined to do business with me.

17. Howard has made numerous false allegations that appear on the internet in PACER and the NASD-R Central Repository Database (CRD).

18. I believe that the on-line public records in US Federal PACER website with Mr. Howard's numerous wild (and false) allegations may be partly or totally to blame for the failure of this business venture.

19. Twice during this civil action, Mr. Howard has contacted my attorney threatening to hold a public press conference to reveal all of his criminal allegations against me unless I agree to a settlement.

20. The ten year history of Mr. Howard using civil litigation to harass me has caused humiliation, anger, depression and a fear of what the man will do next.

21. This use of civil actions for harassment has interfered with my family life, sleep, ability to work and ability to enjoy retirement.

22. I have never filed a civil action or counterclaim against Mr. Howard because he does not have the means to pay any judgment.

23. I do not expect to recover even the fraction of my costs which were awarded by this Court as sanctions against Mr. Howard, which he has now appealed to the US Supreme Court.

24. Thus, as an indigent pro-se plaintiff, Mr. Howard has had the ability to file one malicious harassing civil action after another against me over a 10-year period without consequence to him.

25. In a legal sense, Mr. Howard has never prevailed. He has, however, achieved his goal of inflicting significant emotional and financial damage on my deceased stepfather and me with only trivial financial outlays on his part.

26. For these reasons, I am asking the Court to declare Mr. Howard a vexatious litigant and to require a screening of his new filings.

Signed this 7TH day of April, 2006,
Under oath,

_____
Stuart Juckett