UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 JUN 12 P 2:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Dan Howard, Pro-Se, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| ) | Plaintiff Howard's Opposition to |
| ) | Defendant's Motion for Sanctions and |
| vs. ) | to Declare Plaintiff a Vexatious |
| ) | Litigant. Motion to sanction and Fine |
| Stuart Juckett ) | Attorney Grossack for Frivolous SLAPP |
| ) | lawsuit. Plaintiff's Special Motion |
| HD Vest Financial Services, | to Dismiss for Strategic Litigation |
| | against Public Participation (SLAPP). |
| National Association of Securities | Plaintiff's Motion to shut the |
| | website of David Grossack as a Hate |
| Dealers, | Group site containing "fighting |
| | words." Plaintiff's Motion to declare |
|     Defendants | the National Association of |
| | Securities Dealers as a Hate Group. |

CIVIL ACTION NO.04-11900-NG
(HONORABLE NANCY GERTNER)

---

**OVERVIEW**

Plaintiff Dan Howard, PRO-SE is the subject of Targeted Litigation by

Attorney David Grossack ("Grossack") and his client Stuart Juckett

("Juckett"). Plaintiff Howard is being strategically targeted because he is

Hispanic and not a member of the "preferred ethnic group" of Grossack or

Juckett. Plaintiff Howard is Hispanic and serves the working class people of

[Summary of pleading] - 1

1 Somerville, Massachusetts. Further, Howard in his defense hereby asserts that
2 unauthorized Electronic File Sharing of personal information (including
3 ethnic background) is a matter of national public concern. Even if electronic
4 stalking was not such a public issue, Plaintiff's right to bring such an
5 action is protected by Massachusetts law. **See Duracraft Corp. v. Holmes**
6 **Products Corp., 427 Mass.156, 691 NE2d 935 (1998)**. The court confirmed that
7 the anti-SLAPP statute could be used to protect petitioning activities that
8 do not involve themselves in matters of public concern. Therefore, even if
9 Howard were bringing an action Plaintiff motions for an Increased Penalty
10 against Grossack because Grossack has selected Howard in his motion based on
11 prejudice against non-whites. In the arguments and exhibits that follow,
12 Plaintiff Howard does not question the First Amendment rights of the
13 defendants. The First Amendment is not implicated because it is Grossack's
14 and Juckett's prejudiced conduct in selecting a victim that is "targeted",
15 not their ideology.
16     Attorney Grossack is the "Massachusetts Attorney of the Year". Grossack,
17 as demonstrated by his websites, is also a White Supremacist.  Grossack,
18 through his legal practice and websites, espouses a doctrine of Hate against
19 non-whites. Defendant's Motion for Vexatiousness is a Strategic Motion
20 targeting Plaintiff Howard because he is Hispanic. Grossack's websites
21 glorify Adolph Hitler, raise money for "Jews for Firearms ownership", attack
22 Federal Judges, advocate violence, contain fighting words, tie up defendants
23 "until they scream", and raise money for "Patriot Groups". His website,
24 "bizcollector.com", contains fighting words. Therefore, the web site must be
25 shut immediately. A copy of the website is attached for this honorable
   court's inspection. Hate Groups in Massachusetts frequently use "Patriot

[**Summary of pleading**] - 2

Groups" as cover for their activities. Based on information and belief, Juckett is being represented free of charge by Grossack. This honorable court should be concerned if Targeted Litigation against non-whites is sufficient compensation for Mr. Grossack. Grossack is attempting to twist the Federal Vexatious Statute into a Hate Group Funding piggybank. This Honorable Court should not become his business partner. Grossack was once the president of U.S. Card Investors, Inc.. Grossack withheld from this honorable court that his license to operate said corporation was revoked by Massachusetts in 1994. U.S. Card Investors was an immigration company in which immigrants, for a significant investment in the U.S. Economy, could get a green card. Mr. Grossack defrauded said immigrants of their funds. His license was "involuntarily" revoked in 1994 by the State of Massachusetts. This honorable court should see a pattern developing with Grossack and Juckett. First, sending the instant Vexatious Motion to the wrong address for the purpose of delaying Plaintiff's response. Second, websites espousing hate against non-whites. Third, the defrauding of non-white immigrants at his company, U.S. Card Investors. Fourth, the refusal of settlement offers. Fifth, the strategic lawsuit and motion targeting Plaintiff Howard because he is Hispanic. Howard hereby invokes the **Federal Noerr-Pennington Doctrine** in his defense and the **First Amendment of the United States Constitution**. Howard asserts that the instant case and appeals before this Court are a good faith effort to prevent the Targeted Litigation and Stalking of Howard (by Juckett, and now Grossack) through unauthorized Electronic File Sharing. Howard also asserts his defense against Vexatiousness by invoking **Chapter 31: Section 59 H of the Massachusetts General Laws**. Howard asserts he is a public participant and hereby files a Special Motion to Dismiss Defendant' Motion.

[Summary of pleading] - 3

Further, Howard hereby asserts a defense based on **42 USC 14501, the Volunteer Protection Act of 1997.** Howard hereby affirms, under penalty of perjury, that he is a volunteer in financial services to the working class and Hispanic community of Somerville, Massachusetts. Further, Howard affirms that he is a volunteer member of an organization that provides said services to the Hispanic community. Therefore, this Honorable Court must follow **42 USC 14501** and dismiss the Defendant's Targeted Motion for Vexatiousness. Further, Howard hereby invokes the **Communications Decency Act** because the websites of David Grossack contain "Fighting Words". In ***Chaplinsky v. New Hampshire, 315 U.S.. 568 (1942),*** the Supreme Court held that **"fighting words"** are among classes of speech which are not protected by the First Amendment. Howard, despite being Hispanic and outside the Preferred Ethnic Group of Juckett and Grossack, hereby affirms his First Amendment right to seek redress through petition of the Courts. Even in Boston, Massachusetts. The National Association of Securities Dealers, without my knowledge or permission, shared my personal information through their File Sharing Service. This is an uncured constitutional issue. Further, the Defendant's references to previous cases are irrelevant to the Vexatious issue in Federal Court. The issue of electronic file sharing and stalking was not an issue in those cases. Plaintiff totally disputes the interpretation of those alleged "cases", as espoused by the defendant. Howard has no knowledge or recollection of the "cases" cited by defendants. They have provided no evidence to back up their claims. Howard won a $25,000 judgment against Juckett when the NASD failed to enforce sanctions against Plaintiff Howard, therefore acknowledging that Juckett stalked Howard illegally through their File Sharing Service. Therefore, no suspension or $25,000 sanction was ever

[Summary of pleading] - 4

collected or enforced by the NASD against Plaintiff Howard. Howard was not a signatory to any settlements for $45,000 and paid nothing to Juckett. Further, Juckett was never a client of Plaintiff. None of the alleged "cases" involved the instant issue of Electronic File Sharing and Stalking against non-whites. Further, the National Association of Securities Dealers has affirmed Juckett's stalking activities by providing documents before this court regarding his Targeted Stalking of non-whites. These cases, and all cases, have been filed in good faith. Howard has obeyed all court orders. He has paid his filing fees. The "Hearing" that Howard "missed" was a hearing to determine if the defendant Juckett had been properly served. Howard informed the Court that he was appealing said need for a "Hearing" on this matter. He informed the court that he could not afford thousands of dollars to bring a process server to Boston Federal Court. Please see attached document from Process Server Guskin. This document was provided to the Court well before the Hearing. Therefore, Howard acted in good faith. Howard did not simply ignore a Court Order, and the attached document proves it. It is clearly sufficient to establish that Juckett was served. Howard always acted in good faith. Finally, the attached additional documents and exhibits speak for themselves. Plaintiff calls special attention to the letters noting Juckett's harassment against Howard's employers H.J. Meyers and **6 years later** Acument Securities.

**ARGUMENT**

The Plaintiff, Pro-se, Dan Howard ("Howard") respectfully requests the Court enter an order dismissing all arguments and motions filed by the defendants in the instant case. Plaintiff Howard denies each and every claim contained in Defendant's Motion. First, Defendant deliberately sent a copy of

[**Summary of pleading**] - 5

their motion to an incorrect address. Therefore, Plaintiff was delayed in receiving his copy. Plaintiff has so informed one Jennifer Filo, Docketing Clerk, of the First Circuit. Please find attached letters from Attorney Gary Schultz of New York City and Plaintiff's Howard's Former Employer, Acument Securities, regarding Juckett's stalking of Howard. Threats against Plaintiff's employers and family are ongoing to this very day. Defendants seek to bring in outside Court decisions to bolster their case. They are blowing smoke. For example, the NASD (National Association of Securities Dealers) "Hearing" was prosecuted, in Boston, by an NASD Attorney named John D'Amico who was not licensed to practice in the State of Massachusetts. The NASD Boston office, formerly on Franklin Street in Boston, displayed a black doll with a noose around its neck. Plaintiff Howard is Hispanic. This depiction of a lynching was taxpayer funded. The Securities and Exchange Commission funds the NASD. In 1996, The SEC sanctioned the NASD for fraud and Civil Rights violations. Therefore, there is a pattern in the NASD's violation of Federal Civil Rights Law. This honorable court need only consider the present Federal Case. Plaintiff respectfully motions this honorable court to examine the original Civil Action Lawsuit in the instant case. The instant case was, and is, being prosecuted in good faith. Plaintiff has tried to settle the claims numerous times. Defendant Juckett unjustly blames Plaintiff for the death of his stepfather. See attached letter from Process Server Guskin. Therefore, a targeted vendetta against Howard is being played out in this Honorable Court. Defendants have rejected all settlement offers. Plaintiff Howard is Hispanic and is being stalked because of his race. The Vexatious Motion and Sanction motion are Targeted Litigation against Howard because of his race and class. In point of fact, the NASD has

provided most of the exhibits regarding Juckett's stalking of Howard. How else would Plaintiff Howard have obtained the NASD exhibits placed before this court? The NASD is fully aware of the pending legal action here in the First Circuit, and continues to supply Plaintiff Howard with documents regarding Juckett's stalking. The NASD stipulates that their File Sharing Service was used by Juckett to stalk Howard and his family. As a result, they have waived any fines and penalties against Plaintiff Howard so as to induce Howard to get them off the "legal hook" for sharing Howard's private information with a known stalker Juckett. Therefore, any sanctions imposed by this Honorable Court should fall upon the NASD. The United States Securities and Exchange Commission has jurisdiction over the NASD. This instant case is now on appeal to the United States Supreme Court in order to resolve several issues of national significance and lower court confusion. Plaintiff hereby files a motion pursuant to the **All Writs Act, 28 U.S.C. ss1651 (a)**. Defendant's attorney, David Grossack ("Grossack"), withheld from this Honorable Court that his License was revoked by the State of Massachusetts on 11/14/94. Grossack operated a Corporation named U.S. Card Investors, Inc. It was not disclosed to this Court. Based upon information and belief, his license was revoked for fraudulent misrepresentation and defrauding his immigrant clients of their funds. Further, Grossack withheld from this court the fact that he discontinued this instant case over 1 year ago. Attorney Grossack, based on information and belief, uses court judgments to fund his White Supremacist Hate Groups and their believers. He now wishes to twist the Federal Statutes into a Hate Group piggybank. It would be unjust for this Honorable Court to become his business partner. The place of this honorable court is with the victims of these groups, not the haters. Therefore,

[**Summary of pleading**] - 7

Defendant's latest motion should shock the conscience of this court. Based upon information and belief, Grossack will use any funds obtained from Howard to fund White Supremacist Activities, as espoused on his websites. Therefore, there is an uncured constitutional question as to whether any monies ordered to be paid to Defendant violate Federal and State Laws against the funding of Hate Groups. Such a ruling is constitutionally suspect and should be settled by the United States Supreme Court. Plaintiff hereby asserts he has an absolute constitutional right to such an appeal. Grossack withheld from this court the fact that he had agreed, in writing, to discontinue the case well over one year ago. Grossack entered into said written agreement with Attorney Gary Schultz of New York City. Attorney Gary Schultz is the Howard Family Attorney in NYC. Grossack's false statements that he was an attorney in good standing for defendant Stuart Juckett worked a fraud upon the Court and defeated Mr. Howard's right to due process. The continuing nature of this fraud, to this very day, now has Grossack with yet another motion to revoke Howard's Constitutional Right to Due Process. The only remedy is for the Court to dismiss all motions and pleadings of the defendant Juckett.

Without exception, every Court of Appeals which has addressed the question presented in Defendant's motion has ruled that Plaintiff PRO-SE has an absolute constitutional right to due process and appeal. **See Slavin v. Curry**, 574 F.2d 1256, 1266 (5th Cir. 1978); **Clark v. State of Washington**, 366 F.2d 678 (9th Cir. 1966).

During the entire pre-trial process, including motions, Grossack provided no indication to the Court or Plaintiff Howard, Pro-se that his license had been involuntarily revoked by the State of Massachusetts. During pre-trial proceedings Howard, Pro-se Howard was persistent in his effort to contact

[**Summary of pleading**] - 8

Grossack to obtain discovery documents. Phone calls were not answered and pleadings were unanswered. Further, Grossack could have filed his license revocation electronically at the touch of a computer button. He could have filed the discontinuance agreement with the Court. In response, the Court heard silence from Mr. Grossack. Grossack's representations to the Court were consistent and unequivocal, and now we know, untrue.

The circumstances leading to Mr. Grossack's misrepresentations should be the subject of inquiry by this Court.

### ATTORNEY GROSSACK IN HIS OWN WORDS

Services in the following areas; "Airplane Crashes, Boating Accidents, Slip and Fall Cases."

"We Spy" "We're asset grabbers" "..We do our best to tie it up so tight they scream"

"A Bill of Rights for Pro-Se Litigants" "Laws must be enacted at the State and Federal Level to guarantee due process and equal protection for unrepresented parties."

Attorney Grossack provides a downloadable coloring book of Adolph Hitler, and solicits donations for said Hate Group.

### AN ADDITIONAL LEGAL BASIS FOR MR. HOWARD'S, PRO-SE, MOTION TO DISMISS DEFENDNATS VEATIOSNESS MOTION AND CALL FOR SANCTIONS.

A. The Power to Dismiss or Stay the Motions and Proceedings of a Lower Court is appropriately exercised in the Circumstances Presented.

Under the **All Writs Act**, the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and

[Summary of pleading] - 9

agreeable to the usages of law." **28 U.S.C. ss1651**. As the Supreme Court has explained, "The All Writs Act invests a court with the power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." ***Clinton v. Goldsmith, 526 U.S., 526 U.S. 529, 537 (1999)***.

B. A **Rule 60(b)** "Fraud on the Court" Proceeding Provides a Remedy for Mr. Howard, Pro-Se, in the Circumstances of His Case.

Mr. Howard does not yet have access to all the documents and facts withheld from the Court by Mr. Grossack that bear upon Howard's ability to show elements of a "fraud upon the Court." ***Calderon v. Thompson, 523 U.S. 538, 557 (1998)***. The reason Plaintiff Howard does not have access to all these facts and documents is that, as we have shown herein, Mr. Grossack has not yet told the truth about why he failed to notify this Court of his license revocation and his settlement of this case over 1 year ago. The failure to comply with a constitutional command is not excused by any inconvenience, expense, annoyance, or delay.

Accordingly, Mr. Howard, Pro-Se, has no option but to ask this honorable Court to dismiss all pleadings and motions of the defendants "in aid" of its jurisdiction, **28 U.S.C. ss1651**, to entertain the **Rule 60(b)** "fraud on the court" proceeding. There can be no question in these circumstances that this honorable Court has "the authority, from the necessity of the case, to make orders to preserve the existing conditions and the subject matter of the (impending Rule 60 (b) motion)." ***United States v. Shipp, 203 U.S. 563, 573 (1906)***.

[Summary of pleading] - 10

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to a civil proceeding to obtain relief due to, among other reasons, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party…" **Fed R. Civ.P. 60(b)(3)**. One of the bases for such an action is that the decisions of the lower court were produced by a "fraud upon the Court." The leading case in this area, **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944),** explained that when a judgment has been obtained by fraud, the need for equity to be served overcomes the competing need for finality:

> [A] From the beginning there has existed along side the term rule a rule of equity to the effect that under certain circumstances, on of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry.

Id *at 251* (citations omitted).

The Court emphasized, "This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed to have been guilty of perjury. **Here…we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals."** Id at 245 (emphasis supplied).

As the Tenth Circuit has explained in **Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995),** "whatever else it embodies, [fraud on the Court] requires that one has acted with an intent to deceive or defraud the Court." Mr. Grossack's fraud continues to this very day. The Court still does not have an explanation as to why he is wasting the Court's time prosecuting a case that he discontinued over a year ago.

1   Plaintiff is Pro-Se. Defendants have a total of 3 different law firms
2   and six lawyers. Further, Plaintiff's application to file electronically has
3   been denied. This is a separate uncured constitutional question regarding
4   equal access to the courts. Mr. Howard's constitutional right to due process
5   has been irrevocably prejudiced by this denial and Mr. Grossack's fraud.
6       Rather than answer for their own stalking of Plaintiff Howard, defendants
7   would like to put the Plaintiff on trial. No one, much less, defendant
8   Juckett, a stalker identified by fellow defendant NASD, is entitled to use
9   the Federal Courts to advance his own Hate Group agenda of stalking
10  ,silencing, and targeting non-whites, plaintiff, his family, his business
11  associates, and his Family Attorney Gary Schultz.
12
13  **PLAINTIFF HOWARD'S REQUEST FOR COURT ORDERS AND SANCTIONS**
14
15      Plaintiff Howard requests an order dismissing Defendant's motion for
16  Vexatiousness and Sanctions. Howard requests an order shutting the websites
17  of both the NASD (www.nasd.com) and all websites and links of David Grossack.
18  Plaintiff requests a fine and sanctions of $70,000 against Grossack for
19  targeted litigation against Plaintiff based on his race and class. Plaintiff
20  requests an order referring Grossack to the Office of Bar Counsel for
21  disbarment in the State of Massachusetts. Plaintiff requests a fine and
22  sanction of $20,000,000 against the NASD as a deterrent against future
23  unauthorized electronic File Sharing. Plaintiff requests this Honorable Court
24  award him damages of $8,000,000 dollars for mental anguish, violation of his
25  Civil Rights and Constitutional Rights, and court costs to be determined.
    Howard requests and order declaring the NASD Hate Group.

[**Summary of pleading**] - 12

1   Mr. Howard, Pro-Se, prays this honorable Court for an order dismissing
2   all pleadings and motion of defendant due to fraud on the Court, and requests
3   that the Court enter a further order requiring a **Rule 60 (b)** Hearing and that
4   all proceedings be stayed pending said Hearing.
5   Plaintiff Howard has been denied Electronic Case Filing ability in
6   violation of Court Orders requiring that he be allowed to so file. Please *see*
7   attached docketed requests for said filing. Howard's right to due process has
8   been irrevocably prejudiced by said denial. For example, Howard was denied
9   the ability to electronically communicate with the Court regarding an
10  "Evidentiary Hearing." This ruling was regarding an evidentiary hearing on
11  whether Juckett was served. As anyone can see, by the enclosed,
12  document,Juckett was properly served. Howard appealed. While on Appeal,
13  Magistrate Collings held a Hearing. Howard was unjustly sanctioned $5,000 for
14  not attending the Hearing. Howard, in good faith, believed that the hearing
15  was stayed due to his appeal. Howard hereby motions this honorable court to
16  reverse this unjust and unfair sanction. It will not happen again. The
17  equitable doctrine of Fairness and Justice should apply here. There is
18  confusion by the lower courts, and the First District, on the issue of
19  Electronic Case Filing. The denial of Electronic Filing falls unequally on
20  the poor and minorities. It is therefore inherently discriminatory. Separate
21  but equal filing systems are inherently unequal. Howard should not be forced
22  to "sit in the back of the bus" on the electronic highway. It should shock
23  conscience of this Honorable Court that the First District would bar Howard
24  because of his PRO-SE status. Howard's right to due process is therefore
25  irrevocably prejudiced. This is unjust and must be reversed by this honorable
    Court.

1

2

3

4

5    Respectfully submitted this 9th Day of June, 2006.

6

7

8  Dan Howard, PRO-SE

9

10  The Plaintiff, PRO-SE

11

12  Somerville, Ma. 02144

13

14  617-529-8886

15

16

17

18    I hereby certify, this 9th Day of June, 2006 that I have served a copy of

19  the above and foregoing Notice to the following:

20         Adler, Pollock and Sheehan

21         175 Federal Street

22         Boston, Ma. 02110-2890

23

24         Attorney David Grossack

25         1320 Centre Street Suite 103

           Newton Centre, MA. 02459

              [**Summary of pleading**] - 14

1
2        Hughes Hubbard & Reed
3        1775 I Street N.W.
4        Washington, D.C. 20006-2401
5
6        Clerk's Office
7        U.S. District Court
8        1 Courthouse Way
9        Boston, Massachusetts.
10
11   I hereby certify that prior to filing this instant motion I attempted to
12   confer with the defendant by calling him. I never received a return phone
13   call. Therefore, we were unable to resolve the issue presented in this
14   motion.
15                                      Signed under oath this 9th Day of
16   June, 2006.
17                                      Dan Howard, PRO-SE
18                                      PO Box 440250
19                                      Somerville, Massachusetts 02144
20                                      617-529-8886
21
22
23
24
25

[Summary of pleading] - 15